### Case No. 11,632.

In re REDMOND et al.

[9 N. B. R. 408.] [1]

District Court, E. D. Michigan. 1874.

BANKRUPTCY—PARTNERSHIP—ACT OF BANKRUPTCY BY ONE PARTNER—ALTERNATIVE PLEADING.

1. A conveyance, by a partner, of his individual property, although an act of bankruptcy as against him, will not sustain a proceeding in bankruptcy as against the firm, even though the conveyance was made with intent to hinder, delay or defraud firm creditors, or with a view to give a preference to a firm creditor, for in such case the proceeding must be against that partner alone.

2. A pleading in the alternative is always objectionable, and when it relates to a material fact in the case will be *held* bad on demurrer.

3. Demurrer sustained and petition dismissed as to one partner, with leave to the other to answer the petition within ten days from the date of the order. Costs, including a solicitor's fee of ten dollars, to be paid by the petitioning creditors.

In bankruptcy. The petition is filed against the debtors as partners composing the firm of Redmond & Martin, and on behalf of several creditors, the aggregate of whose demands. it is alleged, exceeds two hundred and fifty dollars. In the introductory part of the petition it is alleged, in pursuance of the prescribed form, "that your petitioners' several demands are provable against the said Dennis Redmond and Andrew Martin, in accordance with the provisions of the act of congress," etc.; but in stating the nature of the demands, the statement, in two instances, is as follows: "John A. Lake's claim consists of balance due for work and labor performed during the year 1873, the sum of twenty-four dollars. Frederick Rump's claim consists of balance due for labor performed and materials furnished in the way of manufacturing barrels during the year 1873, the sum of sixty dollars and three cents, without stating that the labor and materials were so performed and furnished for the firm or for either of the alleged debtors. The acts of bankruptcy charged are, 1st, "that the said. Dennis Redmond, of the firm of Redmond & Martin, at East Saginaw in said district, on the 9th day of July, 1873, being possessed of certain real estate in East Saginaw, Michigan, described as * * * did make a sale and conveyance thereof to Patrick A. O'Donnell, of said East Saginaw, and state of Michigan, with the intent thereby to defraud the creditors of him, the said Dennis Redmond, and the creditors of said Dennis Redmond and Andrew Martin;" and, 2d, that "the said Dennis Redmond and Andrew Martin did commit an act of bankruptcy, * * * to wit, on the 9th day of July, 1873, being insolvent and in contemplation of bankruptcy. Dennis Redmond, of the firm of Redmond & Martin, did make to Patrick A. O'Donnell. of East Saginaw, and state of Michigan. a sale and conveyance of lots seven and eight" (the same real estate as in the first charge described), "with the intent thereby to give a preference to said Patrick A. O'Donnell of East Saginaw aforesaid, he being a person to whom said Dennis Redmond and Andrew Martin or one of them were indebted * * * and he being a person who was liable as endorser on a note of Redmond & Martin or Dennis Redmond for the sum of three hundred dollars * * * and with the intent by such disposition of his property to defeat the operation of said act." The petitioner then further alleges that prior to the conveyance to O'Donnell the firm had been engaged in the brewing business "on or

near" the premises conveyed, but that since the conveyance they had been "out of business entirely" and that the "said Andrew Martin is at present and always has been utterly irresponsible."

The grounds of demurrer are: 1. That no act of bankruptcy by the firm is charged, the acts charged being those of Redmond alone. 2. That the property alleged to have been fraudulently conveyed was not partnership property, but was the sole property of Redmond. 3. That it is not sufficiently stated in the second charge, that O'Donnell, to whom the conveyance was made, was a creditor of the firm, it being stated in the alternative. 4. That it is not alleged that the labor and materials done and furnished by the petitioners, Lake and Rump, were done and furnished for the firm, or who owes the said petitioners for the same. ·

LONGYEAR, District Judge. It seems too clear to admit of argument, that, in order to maintain proceedings in bankruptcy against partners as such, it must be alleged and proven that the firm has committed an act of bankruptcy; and that where the act charged is the fraudulent conveyance of property, it must be of partnership property. Or, to state the proposition in a form more directly applicable to the present case, a conveyance by one partner of his individual property, although an act of bankruptcy as against him, will not sustain a proceeding in bankruptcy as against the firm, even though such conveyance was made with intent to hinder, delay or defraud firm creditors, or with a view to give a preference to a firm creditor. In such case the proceeding must be against such partner alone. It has been often so decided. In re Waite [Case No. 17,-044]; In re Williams [Id. 17,703]; In re Hartough [Id. 6,164]; In re Mitchell [Id. 9,656]; In re Melick [Id. 9,399]; In re Stevens [Id. 13,393]; In re Crockett [Id. 3,402]; James, Bankr. Law, 191. It is unnecessary to consider in this connection in what cases and under what circumstances the act of one partner in relation to partnership property may be deemed the act of the firm, for the reason that the statements of the petition in this case clearly show the case to be outside of all such considerations. The first and second grounds of demurrer are therefore well taken.

It results from this, without going into other points raised by the demurrer, that the petition must be dismissed as to the respondent Andrew Martin. But as the acts of bankruptcy charged are sufficient to sustain a proceeding against the respondent Dennis Redmond, the petition will not be dismissed as against him, unless made necessary by the remaining points raised on the demurrer, which points will now be considered.

A pleading in the alternative is always objectionable; and where it relates to a material fact in the case, it will be held bad on demurrer; and where one of the alternatives would support the pleading and the other not, the construction will be against the pleading and it will be held bad on demurrer.

In the present case it is charged in the petition that O'Donnell, who is alleged to have been preferred as a creditor, was a creditor of the firm or of Dennis Redmond. This would be held bad as against the firm, because, if O'Donnell was a creditor of Redmond alone, then he was not a creditor of the firm, and the allegation does not support the charge. But as against Redmond alone it is immaterial, because, in either case, O'Donnell would be a creditor of Redmond.

The third ground of demurrer is therefore also well taken. But as the allegation demurred to, although inartistic as a pleading, is not necessarily bad as against the respondent, Redmond, the proceeding must be still retained as against him.

The petition alleges "that your petitioners' several demands exceed the amount of two hundred and fifty dollars, and that the nature of your petitioners' several demands against the said Dennis Redmond and Andrew Martin, are as follows," and then follows a statement of each claim, those of Lake and Rump being stated to be for balances for work and labor, and for labor and materials, but without stating for whom such work, labor and materials were done and furnished. A careful, correct pleader would no doubt have inserted the missing allegations. But does the omission of them render the pleading so uncertain that it cannot be sustained? The allegation is as to the nature of certain demands already alleged to be against the debtors named. It seems to me that no one could well be misled or uncertain as to the parties for whom the work, etc., alleged, was done. Therefore, while condemning in the strongest terms the loose and careless style of pleading adopted in this case on the part of the petitioning creditors, I should not feel quite justified in holding the petition bad on this account.

An order must be made sustaining the demurrer upon the first, second and third grounds alleged; that the petition be dismissed as to the respondent, Andrew Martin; allowing the respondent, Dennis Redmond, to answer the petition within ten days from the date of the order; and that the petitioning creditors pay to the respondents the costs of the demurrer, including a solicitor's fee of ten dollars.