## MATHER et al. v. COE et al.

(District Court, N. D. Ohio, E. D. February 27, 1899.)

### No. 83.

1. BANKRUPTCY—FORM OF PETITION AGAINST PARTNERSHIP.

No official form having been prescribed for a petition in involuntary bankruptcy against a partnership, form No. 3 (the general form of a creditors' petition) is to be used for that purpose, with such adaptations as will meet the exigencies of the particular case.

2. SAME—PLEADING—MULTIFARIOUS MATTER IN PETITION.

It is improper to incorporate in a creditors' petition for an adjudication in involuntary bankruptcy allegations charging other creditors with having received voidable preferences, or a prayer for the seizure of property of the alleged bankrupt in the possession of adverse claimants, or a prayer for an injunction forbidding a receiver of the respondent, appointed by a state court, to distribute the property in his hands, as such matters can only be litigated in a separate proceeding. Such allegations and prayers are multifarious, and will be considered as stricken out.

3. SAME—ANSWER—FORM No. 6.

An answer to a petition in involuntary bankruptcy should follow the simple form of denial prescribed by form No. 6. If responsive to multifarious matter in the petition, or unnecessarily defensive, it must be prepared in proper form, and refiled as of the original date; the original answer, however, remaining on file.

4. SAME—ACTS OF BANKRUPTCY—PREFERENCE.

Where two members of an insolvent partnership, with the knowledge of their co-partners, and without opposition on their part, filed in a state court a petition for the appointment of a receiver to take possession of all the partnership property, and administer it under the insolvency laws of the state, and a receiver was accordingly appointed by the court, who took possession, and paid the claims of certain creditors entitled to priority under the state laws, to an amount greater than would be allowed to the same creditors under the bankruptcy act, held, that the firm had committed an act of bankruptcy, in procuring or suffering a transfer of its property, enabling such creditors to obtain a preference through legal proceedings.

In Bankruptcy. Petition in involuntary bankruptcy against the defendants, individually and as co-partners.

Hoyt, Dustin & Kelley, for petitioning creditors.

Dickey, Brewer, Bentley & McGowan, for defendants.

Kline, Carr, Tolles & Goff and Gilbert & Hills, for certain creditors.

RICKS, District Judge. This is an involuntary proceeding in bankruptcy. The original petition was filed December 24, 1898. In its form and prayer it goes beyond the simple requirements of the form of an involuntary petition in bankruptcy, and interjects controversies between creditors that properly belong only to suits between a trustee in bankruptcy, when appointed, and the creditors who are alleged to have received voidable preferences or transfers of property. This

will be readily seen by reference to form No. 3 for a creditors' petition, as prescribed by the supreme court. It does not seem to have prescribed any form for a creditors' petition against a partnership, but clearly intends that the form No. 3 shall be used for that purpose, by filling in the skeleton blanks to meet the case of a partnership; and there is, of course, an implication of general power to adapt these forms to the exigencies of any particular facts which need to be pleaded.

The petition in this case assumes that it may unite causes of action of the trustee, when appointed, against the preferred creditors. It prays that a warrant may issue to take possession of the assets, which is an entirely supplemental proceeding, even as against the bankrupt (Bankruptcy Law, §§ 3c, 69), and, as to the prayer that the warrant may extend to the seizure of the bankrupt's property, in whosesoever hands it may be found, is an impossible prayer in the creditors' involuntary petition. That cannot be done until after an adjudication in bankruptcy, and only by the trustee, under section 60 of the bankruptcy statute. The duty of receiving the property is conferred upon him, and not the petitioning creditors. The alleged preferred creditors, or any receiver or assignee holding for them, must be parties to such a proceeding, and must have their day in court to be heard and defend against it. It does not follow that because the alleged bankrupts have committed an act of bankruptcy, as charged, that even the trustee can recover the property from adverse holders. What is to be the effect of the adjudication on the property transferred, and its adverse holders, is a matter for future consideration, when the necessary proceedings by the trustee are taken against the adverse claimants. If, before the trustee can be appointed, it be necessary for the petitioning creditors to take steps to save the property pendente lite, and while the contest over the adjudication is pending, that must be done by special proceedings in a court of competent jurisdiction, whether this court or some other court, wherein the adverse holders are made parties defendant, and given a day in court to be heard against the proposed seizure. The fourteenth amendment of the constitution requires this, as otherwise the seizure could not be "due process of law." They must have notice of such steps as are taken, to make the proceeding valid. Hence the special prayer of this petition, that W. A. Creech, the receiver appointed in the state court, be enjoined from disposing of the property in his hands, is wholly inadmissible, and foreign to this proceeding. The petition is, for the reasons above stated, multifarious.

Moreover, as before stated, in provisional proceedings either to preserve the property taken by the creditors pending the contest over the involuntary bankruptcy petition of creditors, or by the trustee after adjudication, the adverse holders of the property have a right to show that, notwithstanding the act of bankruptcy alleged, the property in their hands cannot be taken, because "they had no reasonable cause to believe" that the act complained of as a preference by the bankrupt "was intended thereby to give a preference." Bankruptcy Law, § 60b. They have had no such opportunity in this case, have not been made parties to this petition, and have had no notice, and could not

have been in this proceeding, which is a mere petition for an adjudication through involuntary proceedings. It is true that, by section 59f, other creditors than the original petitioners are granted the privilege of appearing and joining in the petition, or "file an answer and be heard in opposition" to an adjudication. But this is purely a voluntary privilege, and they cannot be compelled to appear. What would be the legal effect of such an appearance and defense on their part as relates to their right to hold the property, if the case be decided against them and an adjudication be had, we need not now inquire, because no creditors have appeared in opposition. The result is that this petition in involuntary bankruptcy must be confined to the simple purpose of form No. 3, and all the multifarious matter as to outside parties, other than the alleged bankrupts, be considered as stricken out.

Similarly, the answer is not in the simple form of denial of bankruptcy, to be filed in the involuntary proceedings by creditors, as is prescribed by form No. 6 of the supreme court rules in bankruptcy. It answers the multifarious matter found in the creditors' petition. It is sufficient in substance, as a compliance with form No. 6, to present the issue of a contested adjudication, but is misleading and unnecessarily defensive in its statements. It must be refiled as of the original date, in the simple form of the supreme court rule (form No. 6). But it must remain on file as it is in the original answer. The pleadings then stand, in conformity to the bankruptcy rules, as a creditors' petition, on form 3, and the alleged bankrupt's denial, on form 6.

We will proceed, therefore, to consider whether the acts of bankruptcy alleged to have taken place in the petition are true. The petition avers:

That "within the four calendar months next preceding the date of the filing of this petition, said Coe, Powers & Company, and the individual members thereof, did commit acts of bankruptcy, within the meaning of said act, at the dates and in the manner herein more fully set forth, and while the said firm of Coe, Powers & Company, and the individual members thereof, were insolvent to their own knowledge, to wit: That on or about the 27th of August, 1898, the said Benjamin F. Powers and the said George E. Needham, members of the co-partnership of Coe, Powers & Company aforesaid, with the knowledge, assent, and approval of their remaining co-partners, Henry L. Coe and Eubert C. Powers, filed in the common pleas court of Cuyahoga county, Ohio, their petition, wherein they asked said court to appoint a receiver to take possession of all the property of said co-partnership of Coe, Powers & Company, and in said petition admitted their inability, and the inability of said Coe, Powers & Company, to pay debts; that upon said petition such proceedings were had that the said court of common pleas of Cuyahoga county, Ohio, on said August 27th, 1898, appointed W. A. Creech as receiver of said Coe, Powers & Company, with authority to take possession of all the property, assets, and credits of the said Coe, Powers & Company; that on said August 27th, 1898, the said W. A. Creech duly qualified as such receiver, and on said day took possession of all of said property, assets, and credits of the said Coe, Powers & Company, and has ever since remained in such possession; and that the affairs of said co-partnership have not been finally settled. That your petitioners are informed and believe, and upon such information and belief so state the fact to be, that the total liabilities of the said co-partnership of Coe, Powers & Company are in excess of the sum of $60,000, and that its total assets, of every nature, kind, and description, do not exceed the sum of $15,000; that under and by virtue of the laws of the state of

Ohio each and every of the individual members of the said co-partnership of Coe, Powers & Company are individually liable for the debts of the said copartnership."

Do the facts as herein charged constitute an act of bankruptcy, within the meaning of the statute? Section 60a provides:

"A person shall be deemed to have given a preference if, being insolvent, he has procured or suffered a judgment to be entered against himself in favor of any person, or made a transfer of any of his property, and the effect of the enforcement of such judgment or transfer will be to enable anyone of his creditors to obtain a greater percentage of his debt than any other of his creditors of the same class."

Did said firm, or the members thereof, "procure or suffer" their property to be transferred, so that the distribution of the same would work a preference through legal proceedings to one creditor over another? The allegation is, as already quoted, that, in August, 1898, Benjamin F. Powers and George E. Needham, two members of the firm of Coe, Powers & Co., filed a petition in a court of Cuyahoga county, Ohio, asking for the appointment of a receiver to take possession of all the property of said partnership, admitting their inability to pay the firm's debts. Now, while it is true that the two members of the firm filed the petition, and actively prepared to prosecute it, the other two members did not oppose such proceedings. If they had been solvent, and personally able to pay their own debts and those of the firm, and did not intend to aid or abet an act of bankruptcy, they would certainly have taken some steps in court to make their purpose known and effective. It appears, from the testimony and the records, that they have not yet filed an answer denying the allegations of their co-partners. It therefore seems to me that the court is entirely justified in finding that they "procured or suffered" their partnership property to be transferred by order of the court to a receiver appointed by said court to take possession of all the partnership property and administer it under the insolvent laws of Ohio, and that a preference to certain creditors appears through the operation of an Ohio statute allowing claims for labor and services rendered to the alleged bankrupts, the receiver having paid them the amount allowed by the Ohio statute, which is greater than the sum fixed for the same services in the bankruptcy act. Any disposition or payments by the receiver of the state court to creditors entitled to a preference under the state law is such a final disposition of the property of the bankrupt affected by the preference as will complete the act of bankruptcy, under section 3, subsec. 2.

It being established by the proof that any one of the alleged acts of bankruptcy mentioned in the petition has been committed by the defendants, it is not necessary to consider any others as alleged or established by the proof. It only remains to direct that the defendants to the petition be adjudicated bankrupts, according to the prayer thereof, and that the clerk be directed to enter the order of adjudication as prescribed by form 12 of the rules of the supreme court of the United States, which is ordered accordingly.