### COUTS et al. v. TOWNSEND.

(District Court, W. D. Kentucky. December 18, 1903.)

1. BANKRUPTCY—ISSUES—DETERMINATION—REVIEW.

A referee's determination of an issue of fact as to whether an alleged bankrupt, who was a private banker, was also engaged chiefly in farming, would not be reversed on appeal unless the finding was flagrantly against the weight of the evidence.

2. ACTS OF BANKRUPTCY—GENERAL ASSIGNMENT—INSOLVENCY.

The making of a general assignment for the benefit of creditors is an act of bankruptcy, regardless of the debtor's solvency.

3. PERSONS LIABLE—FARMS—PRIVATE BANKERS.

Bankr. Act July 1, 1898, c. 541, § 4, 30 Stat. 547 [U. S. Comp. St. 1901, p. 3423], provides that any natural person, except a person engaged

¶ 1. Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.

¶ 2. See Bankruptcy, vol. 6, Cent. Dig. § 80.

¶ 3. What persons are subject to bankruptcy law, see note to Mattoon Nat. Bank v. First Nat. Bank, 42 C. C. A. 4.

chiefly in farming, owing debts to the amount of $1,000 or over, may be adjudged an involuntary bankrupt, and shall be subject to the provisions and entitled to the benefits of the act, and that private bankers, but not national banks or banks incorporated under statute or territorial laws, may be adjudged involuntary bankrupts. *Held*, that where a referee found that, though an alleged bankrupt was a private banker, he was engaged chiefly in farming, a petition to adjudge him an involuntary bankrupt should be denied.

In Bankruptcy.

W. F. Browder, for petitioners.

W. P. Sandidge, for respondent.

EVANS, District Judge. The respondent, Townsend, prior to June 25, 1903, was a farmer, and also a private banker. On that day, though not in fact insolvent, he made a general assignment for the benefit of his creditors. Shortly afterwards the petition in this case was filed, and an adjudication in bankruptcy against him was sought upon the ground that he had made the assignment. If that presented the whole case, the matter would admit of easy solution, for, whether a debtor is insolvent or not, the making by him of a general assignment is an act of bankruptcy. West Co. v. Lea, 174 U. S. 590, 19 Sup. Ct. 836, 43 L. Ed. 1098.

The respondent filed an answer in which he admitted that he had made the general assignment, and had up to that event been a private banker, but nevertheless resisted the adjudication upon the alleged ground that before and at the time he made the assignment, and notwithstanding he was a private banker, he was chiefly engaged in farming and in the tillage of the soil, and was not, therefore, subject to an adjudication in involuntary bankruptcy upon the petition of his creditors. Upon this defense the petitioners took issue, and the case was referred to J. A. Dean, Esq., one of the referees, as special master, to hear the testimony and report his conclusions of fact. He performed this duty with care and ability, and, as his report shows, has found the fact to be that, while the respondent followed both occupations until he made the assignment, yet up to the time of doing so he was chiefly engaged in farming. Exceptions to the report have been filed by the petitioning creditors, and, as the evidence upon which the finding was made accompanies the report, the whole matter is before the court for determination.

Under the statute and the issues formed the question is almost, if not entirely, one of fact. The referee had before him the only witness who testified, and certainly the conclusion reached could fairly be drawn from the testimony. While it might possibly admit of doubt, still the finding by the referee is not, to say the least, so flagrantly against the evidence as to require it to be set aside. It is not the habit of the court, under these circumstances, to overrule its referees on mere findings of fact, though the court should not hesitate to do so if the findings were flagrantly against the weight of the testimony.

But even if it be a fact that when the assignment was made the respondent was chiefly engaged in farming, it is very earnestly and

ably contended that, as he was also a private banker, that fact, coupled with the assignment, makes it immaterial whether he was chiefly engaged in farming or not. It is argued that a proper construction of the bankruptcy act puts a private banker in a class apart, and that the clause exempting from an involuntary adjudication one who is chiefly engaged in farming does not apply to him. It is insisted that a private banker is placed in a position different from other natural persons because he does a banking business. The argument is plausible, but, in the opinion of the court, is not sound. Clause "b," § 4, of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 547 [U. S. Comp. St. 1901, p. 3423]), as far as applicable to the question before us, is in this language:

"Any natural person, except a wage-earner or a person engaged chiefly in farming or the tillage of the soil * * * owing debts to the amount of one thousand dollars or over, may be adjudged an involuntary bankrupt upon default or an impartial trial, and shall be subject to the provisions and entitled to the benefits of this act. Private bankers, but not national banks or banks incorporated under state or territorial laws, may be adjudged involuntary bankrupts."

When all the parts of this clause are considered together, can we draw the conclusion that one who was in fact chiefly engaged in farming could nevertheless be adjudged an involuntary bankrupt, because incidentally or otherwise he might at the same time conduct a small business as a private banker? It seems to the court that this question must be answered in the negative, though, of course, it would be otherwise if the person was chiefly engaged in private banking, and only incidentally or secondarily engaged in farming. It seems to the court that the last sentence in the clause above copied was inserted only to make it perfectly clear, first, that national banks and state banks were alike entirely exempt from the operation of the bankrupt law; but, second, that private bankers were not exempt at all. The latter were like other natural persons, and were subject, like them, to all of the provisions of the act. No suggestion comes to the court of any reason why a private banker, any more than a private groceryman, or a private dry goods merchant, or a jeweler, should not be exempt from an adjudication in involuntary bankruptcy, if certainly and in fact he is chiefly engaged in farming, and only secondarily engaged in some other occupation, whether we call it banking or something else. A liberal, and, as it seems to the court, an accurate, construction of the statute, leads to this conclusion. No sound reason appears to exist for condemning private banking to a different and less favorable status than other legitimate occupations.

It results that all of the exceptions to the report of the referee should be overruled, and his report confirmed. It also results that the petition should be dismissed, with costs; the latter to include the sum of $50 to be allowed to the referee for his services and expenses incurred in executing the order of reference.

A judgment may be prepared accordingly.