GOODLANDER-ROBERTSON LUMBER CO. et al. v. ATWOOD.

(Circuit Court of Appeals, Fourth Circuit. April 9, 1907.)

No. 694.

BANKRUPTCY—ACTS OF BANKRUPTCY—PAYMENT OF DEBTS—INTENT TO PREFER.

Defendant, at the time he made certain alleged preferential payments in order to continue in business and avoid suit, was indebted to about $20,000, and his salable property did not exceed $1,500. Much of his indebtedness was not due, and he possessed a knowledge of a rather technical business and a custom or good will which was valuable. He did not regard himself as doomed to failure but expected to continue in business and meet his obligations as they matured. The payments were of $160 and $121.15, respectively, made to bona fide creditors in the ordinary course of business. Held, that such payments were not made with intent to prefer, required by Bankr. Act 1898, c. 541, 30 Stat. 544, § 3, cl. 2 [U. S. Comp. St. 1901, p. 3422], and did not therefore constitute acts of bankruptcy.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, §§ 72, 73.]

Appeal from the District Court of the United States for the Eastern District of Virginia, at Norfolk.

James G. Martin and W. H. T. Loyall (Edward R. Baird, Jr., Allan G. Burrow, and Robert W. Shultice on the brief), for appellant.

G. A. Hanson and Daniel Coleman, for appellee.

Before GOFF and PRITCHARD, Circuit Judges, and McDOWELL, District Judge.

McDOWELL, District Judge. On March 27, 1906, three of the creditors of W. J. Atwood, a dealer in lumber in Norfolk, Va., filed a petition, praying that Atwood be adjudicated an involuntary bankrupt. The alleged act of bankruptcy was the payment by Atwood to the Hardwood Lumber Company, a creditor, of $160 on February 27, and of $121.15 on March 6, 1906, being then insolvent, with intent to prefer the said lumber company over his other creditors. The plea of the bankrupt to the petition consisted of a denial of the commission of the act of bankruptcy alleged in the petition. A jury trial was not demanded, and the evidence was adduced orally before the trial court, whereupon an order was entered dismissing the petition. The petitioning creditors have appealed.

It appears that the Hardwood Lumber Company sustained no relation to the alleged bankrupt other than that of one of several creditors, and that no sort of reason existed why Atwood should have desired or intended to prefer such creditor to any other creditors. The collections were made by an attorney, and the payments were made in the ordinary course of business and to avoid suit. At the time the payments were made Atwood was insolvent in the sense in which the word is used in the bankrupt act (Act July 1, 1898, c. 541, 30 Stat. 544, § 1, cl. 15 [U. S. Comp. St. 1901, p. 3419]. He was indebted to about the sum of $20,000—but much of this was not then due, and his salable property did not exceed $1,500. He did have, however, a knowledge of a rather technical and not easily learned

business and a custom or "good will" which has been apparently disregarded by counsel for appellants. The question in the case is whether or not the payments were made (Bankr. Act. § 3, cl. 2) with intent to prefer. From a careful reading of the evidence we are satisfied that Atwood did not regard himself as insolvent; that he made the two payments in question, as he had been doing previously, in the ordinary course of business, and without intent to prefer the creditor. He did know that his cash receipts were not at all times sufficient to enable him to meet the bills against him promptly. But he did not regard himself as doomed to failure. In fact the evidence leads us to believe that he expected to continue in business, to meet his obligations as they fell due and that he had by no means lost hope of ultimate success. The sums which he paid were just debts, then due, rather trifling in amount when considered in connection with the business he was doing, and they were paid in order to be able to continue in business and to avoid suit. If Congress had intended that a payment made under such circumstances as we have here should be an act of bankruptcy, the language of section 3, cl. 2, of the act would have been very different. As it is written, the law makes such payments acts of bankruptcy only when made with "intent to prefer."

It is argued that every man is presumed to intend the necessary consequences of his acts. But the defendant had no reason to suppose that such consequences would be an involuntary petition in bankruptcy, the seizure of his property by a receiver and the consequent ruin of his credit and destruction of his business. The consequences of making the payments in question reasonably to be expected were a continuance in business with the prospect of an ultimate payment of all of the creditors in full. An intent to prefer is an intent that some particular creditor shall receive a greater percentage of his debt than the other creditors of the same class. In the case at bar the evidence negatives the existence of such intent.

The judgment of the trial court is affirmed