### In re STOVALL GROCERY CO.

(District Court, N. D. Georgia.    May 15, 1908.)

#### No. 2,113.

1. BANKRUPTCY—ACTS OF BANKRUPTCY—PREFERENCE OF CREDITOR.
    The payment of a debt of $3 by a mercantile firm is not such a substantial preference as will constitute an act of bankruptcy sufficient of itself to sustain an involuntary petition.

2. SAME—PARTNERSHIP—TRANSFER OF PROPERTY BY PARTNER.
    A transfer of property by an individual member of a firm, although with intent to defraud individual and firm creditors, is not an act of bankruptcy on the part of the partnership which will sustain a petition in bankruptcy against it.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 57.]

In Bankruptcy.    Involuntary proceedings.    On demurrer to petition and motion to dismiss.

James L. Key, for petitioning creditors.
T. C. Battle and W. J. Heyward, for alleged bankrupt.

NEWMAN, District Judge. The petition in bankruptcy in this case was made by a number of creditors whose debts aggregated $529.72. Two creditors have withdrawn their claims, leaving the total amount of indebtedness contained in the petition less than $500. I doubt if this can be done, especially in view of what seems to be the fact that these two claims that were withdrawn were purchased by a son of the members of the bankrupt firm. While the amount paid for the claims is not shown, such conduct, if tolerated, allows an alleged bankrupt, after bankruptcy proceedings have been instituted, to buy up the claims of creditors filing a petition against him, and thereby give the creditors whose claims are so purchased a preference; doing in this way the very thing which it is the purpose of the bankrupt act to prevent. In re Bedingfield (D. C.) 96 Fed. 190.

But it is unnecessary to determine this matter, or to discuss it further, in view of my opinion as to the grounds of bankruptcy set out in the petition. The bankrupt firm is alleged to have been composed of M. E. and C. C. Stovall, which firm, according to the petition, did business at different times under the name of Stovall Grocery Company, the C. C. Stovall Grocery Company, C. C. Stovall, and M. E. & C. C. Stovall. The first ground of bankruptcy is that on the 25th day of January, 1908 (this petition having been filed on February 1, 1908), the firm committed an act of bankruptcy by paying to one H. L. Singer a note for $3 in full of Singer's claims, and that this was a preference, and intended to be a preference. I do not think that the payment of $3 to a creditor a week before the bankruptcy proceeding was instituted could be classed as a preference. It is not such a substantial transaction as would, of itself, justify the institution of a proceeding in bankruptcy. Counsel for petitioning creditors does not claim that this alone would be a sufficient ground for sustaining this petition. It would be difficult to draw a line, and say what amount would be sufficient, and what would not, made in payment of a debt, to make a substantial preference. This would depend, more or less, on the character of the business, whether large or small; but certainly in a business such as that of the alleged bankrupt appears to have been, though not great, a payment of a $3 debt could hardly be considered a preference.

The other ground of bankruptcy relied upon is this:

"That on the 24th day of December, 1907, said C. C. Stovall, a member of said firm, conveyed and transferred his undivided half interest in and to a certain lot whereon was a storehouse and dwelling, situated at what is known as 222 and 224 Highland avenue, in the city of Atlanta, said state and county, to Mattie E. Stovall, his wife, without consideration, with intent to hinder, delay, and defraud his creditors and the creditors of said firm."

And further the petition proceeds:

"That on the 25th day of January, 1908, M. E. Stovall, a member of said firm, conveyed her half interest, and the half interest theretofore conveyed to her by C. C. Stovall, in the property above described, to Beulah W. Stovall, with intent to hinder, delay, and defraud her creditors and the creditors of said firm."

It will be perceived that the act of bankruptcy alleged here is the transfer by an individual member of a firm of property with intent to defraud individual creditors and firm creditors. That is not an act of bankruptcy on the part of the firm. The partnership entity must act, and what is relied upon must be its act. This question was considered and disposed of properly, I think, by Judge Archbald in Hartman v. John Peters & Co. (D. C.) 146 Fed. 82. A case recited and relied upon is In re Redmond, 9 N. B. R. 408, Fed. Cas. No. 11,632. The substance of what Judge Archbald held can be gathered from the headnote as follows:

"A conveyance by a partner of his individual property, although with intent to prefer a firm creditor, does not constitute an act of bankruptcy by the firm, and will not sustain proceedings in bankruptcy against the partnership."

As neither of the grounds of bankruptcy contained in the petition are sufficient, the demurrer to the petition is sustained, and the same dismissed