### In re COLUMBIA REAL ESTATE CO.

#### (District Court, D. New Jersey. June 4, 1913.)

1. BANKRUPTCY (§ 60*)—ACT OF BANKRUPTCY—PREFERENTIAL TRANSFER OF PROPERTY.

　　A charge of the commission of an act of bankruptcy by a corporation by making a transfer of property with intent to prefer creditors cannot be predicated on the payment of small current bills in the usual course of business while a going concern.

　　[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 80; Dec. Dig. § 60.*]

2. BANKRUPTCY (§ 58*)—ACT OF BANKRUPTCY—RECEIVERSHIP.

　　The appointment of a temporary receiver by a state court for a corporation, under a statute authorizing such appointment because of insolvency or on other grounds, does not constitute an act of bankruptcy, under Bankr. Act July 1, 1898, c. 541, § 3a (4), 30 Stat. 546 (U. S. Comp. St. 1901, p. 3422), as amended by Act Feb. 5, 1903, c. 487, § 2, 32 Stat. 797 (U. S. Comp. St. Supp. 1911, p. 1493), where it does not appear on what ground the appointment was made.

　　[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 57, 72–79, 83; Dec. Dig. § 58.*]

In the matter of the Columbia Real Estate Company, alleged bankrupt. On exceptions to master's report finding against the alleged acts of bankruptcy. Affirmed.

Hudspeth, Rysdyk & Garrison, of Jersey City, N. J. (David W. Kahn, of New York City, of counsel), for petitioning creditors.

McDermott & Enright, of Jersey City, N. J., for answering creditor.

RELLSTAB, District Judge. This is a proceeding in involuntary bankruptcy. The creditors' petition was filed July 24, 1912. Two acts of bankruptcy are alleged: First, that within four months of filing such petition the company transferred a portion of its property to each of several named creditors, with intent to prefer them over its other creditors; and, second, that on the 1st day of July, 1912, a bill of complaint was filed in the New Jersey Court of Chancery, by the Industrial Savings & Loan Company and the New York Mort-

gage Company, against the said Columbia Real Estate Company, in which it was charged to be insolvent, that it could not pay its debts, that its business had been and was being conducted with great loss, and was prejudicial to the interests of its creditors and stockholders, and that such business could not be conducted with safety to the public and advantage to the stockholders, and praying that it be decreed insolvent, and that a receiver be appointed according to the statute of the state, and alleging that on that date an order was made in such cause appointing a receiver of said company because of its insolvency. The Columbia Real Estate Company and certain of its creditors filed answers denying the alleged acts of bankruptcy. The company, while admitting that a bill of complaint was filed against it on the said 1st day of July, 1912, denies that it was filed because of its insolvency, as defined by the Bankruptcy Act, and asserts that it had filed an answer in said proceedings denying its insolvency, and it further denies that it was in fact insolvent within the meaning of such act.

The clauses of section 3a of the Bankruptcy Act involved in this controversy are:

"(2) Transferred, while insolvent, any portion of his property to one or more of his creditors with intent to prefer such creditors over his other creditors."

And:

"(4) * * * Because of insolvency a receiver or trustee has been put in charge of his property under the laws of a state. * * * *"

As to the first clause, it is to be noted that the "intent to prefer" is essential to turn a payment into an act of bankruptcy; and, as to the second clause, the appointment of a receiver must be "because of insolvency."

The special master, to whom the matter was referred, found and reported that in the chancery case there had been no appointment of a receiver because of insolvency; that the appointment was made under the provisions of section 65 of the New Jersey Corporation Act, as amended by an act passed April 1, 1912 (P. L. 1912, p. 535), which authorizes the appointment of a receiver upon proof that the business of the corporation "has been and is being conducted at a great loss and greatly prejudicial to the interest of its creditors or stockholders, so that its business cannot be conducted with safety to the public and advantage to the stockholders"; that the proofs failed to show that the company was insolvent; that the alleged preferred payments were not made with the intent of giving the persons receiving such payments an undue or illegal advantage over the other creditors; that such payments were made in the ordinary course of the company's business, and without any intent on the company's part, or on the part of any of its officers, to give illegal preference to any of its creditors; and that, even if such payments were illegal preferences, the persons to whom such payments were made having subsequently extended credit to such company in amounts greater than the alleged preferences, by which the company had been enriched, the alleged preferences, if they were such, ceased to be.

[1] As to the first act of bankruptcy alleged, an examination of the proofs shows that each of the challenged payments was made by the company while it was actively prosecuting its business in the usual manner; that at such times it had not suspended its operations, but was carrying on its customary construction work on a very large scale, was maintaining its usual offices, employing its regular help, and that this it continued to do up to the institution of the chancery proceedings in the state court; that the bills, amounting to $117.53, $121.24, and $214.85, respectively, were presented, audited, and paid in the usual manner, and that these creditors continued to do business with the company thereafter.

The payments here in question were of maturing debts in the ordinary course of business, were no larger than the company had been paying, and, when, considered in comparison with the volume of business theretofore, then, and thereafter transacted, were insignificant in amount; and there is nothing in the evidence to warrant the conclusion that the company, in making any of these payments, contemplated insolvency or any greater inability to meet its obligations as they fell due than had theretofore existed, or that it intended to prefer such payees over its other creditors. Payments to creditors in such circumstances are not preferential payments, within section 3a, cl. 2, of the Bankruptcy Act. In re Douglas Coal & Coke Co. (D. C.) 131 Fed. 769, 12 Am. Bankr. Rep. 539; Goodlander, etc., Co. v. Atwood, 152 Fed. 978, 82 C. C. A. 109, 18 Am. Bankr. Rep. 510; In re Perlhefter (D. C.) 177 Fed. 299, 25 Am. Bankr. Rep. 576; 1 Loveland on Bankruptcy (4th Ed.) § 147; Collier on Bankruptcy (9th Ed.) pp. 87–89. I concur in the conclusions reached by the master in that respect.

[2] As to the second act of bankruptcy alleged, the evidence fails to establish that the appointment of the receiver, by the state court, was made because of the company's insolvency. The bill in chancery was founded upon section 65 of the Corporation Act hereinbefore referred to, and alleged the existence of the several grounds therein declared to be sufficient for the appointment of a receiver. The appointment on July 1, 1912, was entirely provisional in its character, was made under the general equity powers of the Court of Chancery, and only intended to preserve the assets of the corporation until a hearing could be had on the rule granted on said date, in which the company was required to show cause—

"why it should not be adjudged insolvent, or (if not insolvent) it should not be adjudged that the business of said corporation is being conducted at great loss and greatly prejudicial to the interest of its creditors and stockholders, so that its business cannot be conducted with safety to the public and advantage to the stockholders."

That such an appointment is not an act of bankruptcy is settled in this circuit: Zugalla v. International Mercantile Agency, 142 Fed. 927, 74 C. C. A. 97, 16 Am. Bankr. Rep. 67. Upon the return of such rule —i. e., on July 22, 1912—such appointment was continued by the order of such court, since which time such receiver has been in charge of the assets of said company and is administering them under the orders of such court. Neither of such orders adjudged that the company was

insolvent, and there is nothing in the record of that case produced herein, or in the other evidence in this case, that establishes that the appointment of such receiver was made *because of the insolvency* of such company.

The finding of the master that none of the alleged acts of bankruptcy have been established is confirmed, and the order of this court, made on the 26th day of April, 1913, restraining the receiver from disposing of the assets of said company, is hereby vacated.