Ochoa y Hermano v. Otero y Hermano.

## J. OCHOA Y HERMANO, SARIEGA & FERNÁNDEZ, AND SUCESORES DE F. ORTEGA Y COMPAÑIA, Plffs,

*v.*

## A. OTERO Y HERMANO ET AL., Dft.

---

Ponce, Bankruptcy, No. 334.

### BANKRUPTCY.

Bankruptcy—Proceeding Valid if Part of Business Commercial.

Where a bankruptcy proceeding is sought to be dismissed upon the ground that the alleged bankrupt is engaged in agriculture, and it appears that the business of the bankrupt was partly agricultural and partly commercial, the petition to dismiss must be denied.

Opinion filed March 16, 1922.

---

*Mr. Salvador Suau* and *Messrs. Frazer & Gammans* for petitioning creditors.

*Mr. Juan B. Soto* for alleged bankrupt.

ODLIN, Judge, delivered the following opinion:

This is a case of involuntary bankruptcy, the petition having been filed on July 9, 1921, on behalf of J. Ochoa & Brother, also on behalf of Sariega & Fernández, and also on behalf of the Successor to F. Ortega & Co. The petition sets forth that there

Ochoa y Hermano v. Otero y Hermano.

brothers, Andrés Otero, Casimiro Otero, and José Otero, are partners doing business under the firm name and style of A. Otero & Brother; and the prayer of the petition is that both the firm and each of said three brothers be adjudicated bankrupts. Various allegations are set forth in the petition, alleging acts of bankruptcy which it is claimed were committed within four months previous to said 9th day of July, 1921, and it is further alleged that these acts of bankruptcy were committed by all of said three brothers above named,—Andrés, Casimiro, and José.

In view of the fact that the petitioners voluntarily during the hearing dismissed their petition as against Casimiro Otero, and due to the further fact that there was no proof submitted that José Otero was a member of the firm, there remain for decision two questions; first, whether the partnership comprising Andrés and Casimiro should be declared bankrupt by reason of the alleged acts of insolvency committed by Andrés Otero; and second, whether Andrés Otero as an individual should be declared a bankrupt.

The answer was filed on July 27, 1921, and is on behalf of Andrés and Casimiro only, is verified by them both, sets forth that the partnership comprises Andrés and Casimiro only, and said answer is in the form of a general denial, it being very short and is merely to the effect that they and each of them deny that they or either of them ever committed the acts of bankruptcy set forth in the petition, and they aver that they should not be declared bankrupt for any cause in said petition alleged.

One of the defenses urged strenuously by Andrés Otero during the hearing was based upon the claim by him made that he

was chiefly engaged in agriculture and, therefore, he was not within the purview of the bankruptcy law. Counsel for petitioners objected to all testimony which tended to prove this claim of Andrés Otero, upon the ground that if he desired to present a special defense of this nature he should have pleaded it in his answer; and that inasmuch as said answer was merely a general denial, Andrés Otero should not be permitted to present any evidence tending to show that he was chiefly engaged in agriculture. Upon examining the authorities I find that there is some confusion as to the correct rule, but I decided that the rights of all the parties would be fully protected if I followed the statement of the law as set forth by Professor Loveland in his work upon the bankruptcy law, and therefore I decided to permit Andrés Otero to present such evidence as he might desire in support of his claim that he was chiefly engaged in agriculture and therefore could not be made a defendant in any bankruptcy proceeding.

There have been heard in this case many witnesses, and the view that I take of this case does not require that I set forth at length any of the testimony except that of Andrés Otero himself, in connection with the testimony of his brother Casimiro. It is admitted that the only books of account of the firm which either brother was able to produce during the hearing were books which had been prepared by an expert accountant, employed by Andrés only, and that Casimiro never had seen these books until he was called as a witness. It further appeared from the testimony of Andrés himself that with respect to two of the principal agricultural properties which had been owned by him, one was operated by a third brother upon a salary basis, and the other was operated by a fourth brother upon the basis

of an equal division of the profits. Another very significant fact, as it appears to me, was that when Andrés Otero was called to the stand, after stating his name, the first question put to him by his own counsel was to state his occupation, and his answer came forth at once, "Merchant" (Comerciante), but he immediately corrected himself and said "Farmer" (Agricultor). It is to my mind, therefore, clear that the defendant Andrés Otero had in his own mind, as his primary occupation, that of being engaged in commerce.

Before rendering this decision, I have carefully considered ten cases, all in the Federal Reporter, which were relied upon by counsel for Andrés Otero and which said counsel very skilfully urged should control the decision of this court so that the same would be a dismissal of the petition. These ten cases are found in Mather v. Coe, 92 Fed. 333; Re Pilger, 118 Fed. 206; Wulbern v. Drake, 56 C. C. A. 643, 120 Fed. 493; Couts v. Townsend, 126 Fed. 249; Rise v. Bordner, 140 Fed. 566; Flickinger v. First Nat. Bank, 76 C. C. A. 132, 145 Fed. 162; Hartman v. Peters, 146 Fed. 82; Goodlander-Robertson Lumber Co. v. Atwood, 82 C. C. A. 109, 152 Fed. 978; Mills v. Fisher, 16 L.R.A.(N.S.) 656, 87 C. C. A. 81, 159 Fed. 897; and Re Stovall Grocery Co. 161 Fed. 882. I do not deem it necessary to enter into a long analysis of each of these ten cases. It is sufficient to say that I do not find in any one of these ten cases any situation approaching similarity to the facts as shown in the present case so that I would be justified in dismissing the petition. The decision that impressed me most among the ten above cited was the case of Wulbern v. Drake, reported in 56 C. C. A. 643, 120 Fed. 493. We find here that the alleged bankrupt was entirely engaged in farming except that he con-

ducted a commissary. His farm consisted of over 1,000 acres and it was under cultivation, either by hired labor or by tenant farmers. With respect to the commissary, it dealt almost exclusively with these employees and with these tenants, only about 6 per cent of the accounts receivable being against outside parties. The total sales in the commissary did not exceed $20,000 annually, and it is quite evident that this commissary was a mere adjunct to the farm. Of course, the court held that the debtor was engaged chiefly in farming, but the facts in this Otero case are very different from the facts just set forth. The evidence clearly shows that the store in the town of Cidra, Porto Rico, owned by Andrés Otero and his brother Casimiro Otero, was engaged in selling merchandise to the general public of the said town of Cidra and the surrounding neighborhood. It was in no way an adjunct to the farm or farms owned by Andrés individually, and with respect to the question as to which of the two brothers, Andrés or Casimiro, controlled or conducted this store at Cidra, there is a conflict of testimony. Some of the witnesses seem to think that Andrés had more to do with the actual selling in the store than Casimiro. At all events, I am satisfied that by the great preponderance of evidence it has been shown that Andrés Otero was not engaged in agriculture as his chief occupation, and for this reason and for the other reasons above set forth in connection with the evidence adduced by the petitioners strongly tending to show that the acts of bankruptcy were committed by Andrés Otero himself, the prayer of the petition is granted with regard to the partnership, and with regard to Andrés Otero individually. Therefore, the said firm and the said Andrés Otero individually are now adjudicated to be bankrupt.