In re WEINTRAUB.

District Court, E. D. Pennsylvania. January 13, 1928.

On Motion for New Trial, February 27, 1928.

No. 9762.

Josiah H. Marvis, of Philadelphia, Pa., for petitioning creditors.

David S. Malis, of Philadelphia, Pa., for bankrupt.

KIRKPATRICK, District Judge. This is a proceeding in involuntary bankruptcy. The pleadings consist of a petition, amended petition, and an answer to the original petition, which the parties have agreed shall be considered as an answer to the amended petition. No application for a jury trial was filed, and at the trial before the court the only evidence offered was by the petitioning creditor, who offered to prove that the receiver appointed found on the alleged bankrupt's premises, at the time he took possession on December 22, 1925, certain personal property which, when subsequently sold on April 16, 1926, brought the sum of $376.51. It can be taken that this sum represents the total amount realized by the receiver from all sources. The facts contained in the offer were not disputed, but the offer was objected to on the grounds that, since the original petition was filed on December 21, 1925, and the acts of bankruptcy were alleged to have been committed at some unspecified date within 30 days prior thereto, the amount of alleged bankrupt's estate on December 22, 1925, could have no bearing on the issue involved. The parties also agreed that the court should consider the pledges as evidence for the purpose of determining the issues.

The petition avers that the alleged bankrupt within thirty days prior thereto, while insolvent and with full knowledge of insolvency made certain payments to creditors with intent to prefer said creditors over all other creditors of the same class. The answer denies that the payments referred to were made with the intent to prefer the creditors over other creditors, and avers that they were made in the usual course of business with the intent to pay his debts as and when the same became due and owing.

It is not denied that at the time the payments were made he was insolvent, and had full knowledge of his insolvency. "If the debtor knows that he is insolvent, he must be presumed to know that a transfer made to one creditor to the exclusion of others will result in a preference, without regard to his actual intent in making such transfer. Therefore, if a debtor, while insolvent, transfers all or nearly all his property to some of his creditors, leaving others unprovided for, the intent to prefer will be presumed. The effect of this presumption will vary according to the proportionate amount of the transfer, and is not conclusive." Collier on Bankruptcy, vol. 1, § 3 (III), and cases there cited.

The relevancy and the importance of the offer to improve the amount of the bankrupt's estate realized by the receiver thus becomes apparent. The fact that the payments in question, however small, materially depleted the estate, may be inferred from the offer to prove that the entire estate taken over by the receiver on December 22, 1925, brought only $376.51 at public sale. The objection to the offer is therefore now overruled, and, in view of the evidence, a finding will be made in favor of the petitioning creditors. In re Columbia Real Estate Co. (D. C.) 205 F. 980, 30 A. B. R. 471, the court considered the large volume of business done by the alleged bankrupt, and accepted that fact as evidence that the payment was in the ordinary course of business and did not materially deplete the estate. By the same reasoning we may consider the very small stock of the alleged bankrupt in this case, and use it in arriving at the opposite conclusion.

### Finding of Fact.

Abraham Weintraub, within 30 days prior to the filing of the petition against him, committed an act of bankruptcy.

### Conclusion of Law.

Abraham Weintraub may be adjudged a bankrupt.

### On Motion for New Trial.

The second act of bankruptcy described by the statute is "transferred, while insol-

550

vent, any portion of his property to one or more of his creditors with intent to prefer such creditors over his other creditors." 11 USCA § 21. Under the pleadings in this case, the transfer, the insolvency of the alleged bankrupt at the time, and his knowledge of his insolvency were all admitted. The answer set out that the transfer was in the usual course of business, with the intent to pay debts when and as the same became due and owing, and denied the intent to prefer.

It should not be overlooked that the issue is still the intent to prefer. It may be true that the state of the pleadings in this case places the burden of proving this upon the petitioning creditors, but I have found that the evidence offered is sufficient to meet and overcome such burden. There is nothing in the act or decisions under it that can form any basis for the position taken by the respondent that the mere fact that a transfer or payment was made "in the usual course of business" is a complete defense in a case where other facts exist which point conclusively to the presence of the intent to prefer. Payments to creditors, made for the purpose of continuing a failing business, are not necessarily preferential, even though made when insolvent and with a knowledge of insolvency; but they may be, depending upon the circumstances under which they are made. The intent to prefer, which is the object of this inquiry, is a statutory or presumed intent, and it can be found, though the actual intent may be otherwise.

In the case at bar the transfer was over 40 per cent. of the alleged bankrupt's entire estate (assuming the proceeds of the receiver's sale to be a fair index of the value of the estate). They may have been made with the honest intent to enable the alleged bankrupt to continue in business, but to hold that for that reason they may not be found to be preferential, within the meaning of the statute, would be to totally defeat its purpose.

As to the next point, it need only be said that it is not necessary to aver that the petitioning creditors were creditors at the time of the alleged preference. Nor is it necessary to aver that the creditors preferred were not secured creditors. These are in reality matters which may be properly shown in defense, and to require their averment in the petition, in order to relieve the petitioning creditors of the burden of proof as to them, would be an unnecessarily technical requirement.

The remaining question raised by the motion for a new trial has already been dealt with in a discussion heretofore filed. The receiver went into possession within 30 days after the alleged preferential payments. The decision of the Supreme Court of Vermont in Slayton v. Drown, 93 Vt. 290, 107 A. 307, cited by counsel for the alleged bankrupt, dealt with the reasonable cause of the alleged preferred creditor to believe that a preference had been created by the transfer, quite a different thing from the question involved here. I think that the fact that the estate taken over by the receiver within 30 days of the transfer was thereafter liquidated for $376 is relevant and persuasive evidence upon the question of whether or not payments amounting to $280 were made by the alleged bankrupt with the intent to prefer.

Motion for a new trial is denied.