## In re GUARDIAN INVESTORS CORPORATION.

District Court, S. D. New York.

March 31, 1941.

Jesse J. Holland, of New York City, for debtor corporation.

Rosenberg, Goldmark & Colin, of New York City (Milton M. Bergerman and Herman Jervis, both of New York City, of counsel), for petitioning creditors.

LEIBELL, District Judge.

Three debenture holders, whose claims aggregate $56,000, have filed an involuntary petition pursuant to Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq., for reorganization of the above named corporation.

The debtor has filed an answer controverting material allegations in the petition, but at the same time has moved, under Federal Rules of Civil Procedure, rule 56, 28 U.S.C.A. following section 723c, for summary judgment dismissing the petition on the grounds that (a) it fails to state the requisite jurisdictional facts, and (b) it fails to allege facts showing that the debtor has committed an act of bankruptcy, or any other acts required by Section 131 of the Act. 11 U.S.C.A. § 531. Other issues, raised by the answer, are not before the Court on this motion.

As to jurisdiction, the petition appears to be adequate. No real issue is made of this point and the affidavits submitted by the debtor do not submit any detailed facts to challenge the allegations of the petition under §§ 126 and 128 of the Act. 11 U.S.C.A. §§ 526 and 528. The petition herein has been filed by three creditors whose claims exceed $5,000 in the aggregate, and are of the character required by the former section. It is also alleged that the assets and principal place of business have been, for the preceding six months, within the territorial limits of this Court. On its face, therefore, the petition is sufficient in that respect.

As to the second basis for the motion, namely, that the alleged acts of bankruptcy are not such within the meaning of the Act, it is urged by the debtor that the question of insolvency need not be considered because assuming arguendo that the

corporation is insolvent, the acts nonetheless are not acts of bankruptcy because, (1) the payments made were in the regular and normal course of business and were necessary to its continuance as a going concern, (2) they were nominal in amount in relation to the assets and liabilities and had no appreciable effect upon the rights of other creditors, (3) there was no actual intent to prefer certain creditors, and (4) for the foregoing reasons no presumption of such intention could arise.

Seven distinct payments are alleged in the petition, each purportedly a payment made with intent to prefer creditors. Six of these payments are admitted, the largest in amount being $300 and the total of them all is approximately $1,000.

Bankruptcy Act, Sect. 3, sub. a (2), 11 U.S.C.A. § 21, sub. a (2), provides that acts of bankruptcy by a person shall consist of his having "(2) transferred, while insolvent, any portion of his property to one or more of his creditors with intent to prefer such creditors over his other creditors". The debtor has raised the issue of insolvency by its answer but insists that the question need not be determined now. I am asked to assume insolvency, for the purposes of the motion. However, it is proper to inquire into the record before me to determine the extent of insolvency and how long it has existed, because they are elements to be considered on the question of intent.

The debtor is an investment trust, registered under the Investment Company Act of 1940. The corporation was organized in 1928 and has outstanding a debenture issue, due in 1948, of $2,000,000 and this is its principal liability. Debtor's principal asset is its portfolio of marketable securities, consisting of the stock of certain public utilities, a railroad and a few industrial corporations. Although carried on the balance sheet at average cost, about $3,000,000, it is conceded that the present market value of these assets does not exceed $836,000. Its other assets, including $17,000 in receivables, amount to less than $50,000. From the balance sheet itself, which is admittedly correct, it appears that on the basis of the above figures the net assets available are insufficient to cover one-half the face value of the outstanding debentures, and in a letter to the stockholders, signed by the president of the company it is stated, in effect, that the present liquidating value of the debentures is $417.68 per $1,000. It is

further stated that the outstanding capital stock of debtor, considerable in quantity, is worthless. The gross income of the corporation for the calendar year 1940 was about $36,000, as against interest on the debentures of over $100,000, resulting, after expenses, in a net excess of out go over income, of $85,000.

It is alleged in the petition, and admitted, that since 1932 the debtor has had to employ capital to pay interest on the debentures, and during such period almost $800,-000, realized from the sale of its capital assets, has been so used. Debtor contends, however, that in 1936 its assets had a value of $4,000,000 and that an improvement in the stock market would render it solvent and that as an investment trust its business is to realize income from stock trading profits as well as from the dividends of the securities traded in.

Petitioners argue that this case is well within the principles laid down by the Circuit Court of Appeals for this Circuit in Re Condon, 209 F. 800, 802. The payment in that case was made on a debt, one month old, to a department store, for personal necessities for the bankrupt and his family. Although not revealed in the reported decision, it appears from the record on appeal (Liber 4796, page 775) that the amount of the preferential payment was $214.42. The bankrupt was a business man of considerable means; he was worth about $500,000. It was established that he was insolvent, and had been for a considerable time, principally because of certain personal guaranties made by him in his business dealings, aggregating over $2,000,000. Having found him insolvent over a considerable period, the court held, ergo, that the payment in question was a preference. The opinion continued: "It is contended, however, that there was no intent to prefer. Of course, if Condon supposed at the time that he was insolvent, he will be presumed to intend the consequences which will result from selecting a particular creditor and paying him under such conditions. Quite probably he still hoped that, in some way or other, he would be relieved from his difficulties. But if every person, who may be hopelessly insolvent and yet is of an optimistic temperament, may pay selected creditors, persuading himself that some time or other he will be able to pay his other creditors, the provisions of the Bankruptcy Act as to 'preferential payments' cannot be of much practical value."

The court went on to find that the bankrupt must have known his condition and held the payment preferential. See, also: In re Ball, D.C., 156 F. 682; Eastern Drug Co. v. Bieringer-Hanauer Co., 1 Cir., 8 F.2d 838.

In Houchin Sales Co. v. Angert, 8 Cir., 11 F.2d 115, 117, the court had before it the question of preferential payments, and rightly said: "The nature of the business transacted and the facts and circumstances of each particular case are important to be considered in determining such question."

The debtor has cited cases in support of the proposition that payments made in the regular course of business and which are necessary for its continuance, do not deplete the estate and cannot be considered preferential. It would seem that certain of the payments made here were necessary, but no proof has been submitted to show that the obligations met were any more "current" than the bill paid in the Condon case, supra. That was a current obligation in the same sense that the payments here were current. In the instance of the first act alleged, the payment of an attorney's fee, although two affidavits were submitted respecting it, it is not established either that it was an expense incurred in the regular course of business, or that it was not in payment of a pre-existing debt. In fact the latter is the more likely since the legal services were rendered in the trial of a law suit completed a month before.

It is argued that the payments here made were so trivial in relation to the amount of assets and liabilities that they fall within the cases holding that such payments are not preferential. But by comparison they are in the aggregate far greater than the payment made in the Condon case, supra.

The debtor places its faith in the Houchin case, cited above. The bankrupt there was a mercantile establishment. Two months before the petition was filed the bankrupt was found to be solvent. One month before it became insolvent. The payment in question, $50 to a credit service establishment for a service charge, was made about a week after insolvency first existed. It is clear from the opinion that the exact time of insolvency was disputed and insolvency was denied by the bankrupt.

Under such circumstances a routine payment of the character there involved might well be said not to have been made with an intent to prefer. In this case the "assumed" and known insolvency has existed continuously for over three years, although there was always the possibility that an improved stock market might render the debtor solvent. The extent of the insolvency varied with the stock market. The monies used to meet the debtor's interest payments on its debentures have been drawn from the capital assets. At least for the year 1940 the entire gross income, plus some $60,000 of capital, was absorbed in interest payments. In the present case it is obvious that the debenture holders have not been receiving "interest" on their investments, but actually payment from the depleted assets which are now less than half of the outstanding debts.

It may very well be, as was said in Tiffany v. Lucas, 15 Wall. 410, 21 L.Ed. 198, that an insolvent has the right to endeavor to continue and is not obliged to shut up shop the moment his assets become less than his liabilities. But where, as here, the creditors whose security is being constantly invaded object, the court cannot shut his eyes to the effect which the debtor's conduct will have on the rights of the creditors.

The proofs submitted by the debtor in support of this motion for summary judgment are inadequate. Rule 56 provides that summary judgment cannot be rendered unless the moving party is entitled to it as a matter of law.

■ On the facts presented by the opposing affidavits on this motion I cannot say that the issues presented by the pleadings need not be tried. The issues thus presented are substantial and genuine and in my opinion cannot properly be disposed of on a motion for summary judgment under rule 56, F.R.C.P. which has been invoked by the debtor under Cohen v. Eleven West 42nd Street, Inc., 2 Cir., 115 F.2d 531. The debtor's motion is denied. The trial of the issues raised by the debtor's answer to the petition of the creditors should be had as provided in Section 143 of the Act, 11 U.S.C.A. § 543, and under the local Rules in Bankruptcy. Rule X6.

Settle order on notice.