## In re SLINGLUFF.

### (District Court, D. Maryland.   July 24, 1900.)

1. BANKRUPTCY—DISCHARGE—GROUNDS OF OBJECTION.

Omissions from or inaccuracies in a bankrupt's schedule, not made knowingly and fraudulently, are not grounds for refusing him a discharge.

2. SAME—FALSE OATH.

A bankrupt cannot be fairly charged with having knowingly and fraud-ulently sworn falsely in relation to the time of his knowledge of insol-vency, so as to debar him from the right to a discharge, because his testimony shows him to have entertained the expectation of being able to continue his business longer than was justified by the facts.

In Bankruptcy.   On application for discharge, and objections thereto.

Niles & Wolff, for bankrupt.

J. D. Ferguson, Wm. H. Brune, Allan McLane, and J. Alexander Preston, for objecting creditors.

WADDILL, District Judge.   The specifications against granting the bankrupt's discharge aver omissions and inaccuracies in the bankrupt's schedule, false swearing by the bankrupt as to the time of the knowledge of insolvency, and the disposition of certain stock in the Baltimore Brick Company held by the bankrupt.

1. Omissions and inaccuracies in and from the bankrupt's schedule of the character specified will not bar a discharge.   Upon proper ap-plication, errors and omissions in these particulars can be corrected or supplied.   The objections to a discharge enumerated in the act of congress do not cover this class of exceptions.

2. It would be a harsh and unreasonable construction of the bank-ruptcy law to attribute to a failing debtor a purpose to "knowingly and fraudulently" swear falsely because he entertained the hope and expectation of being able to continue his business longer than it now appears the real facts justified.   This is an hallucination fre-quently entertained by failing debtors.   Indeed, those that have been most prosperous, and whose failure is overwhelming, seldom realize their changed condition until it has long since become apparent to others.   And, besides, it does not appear that the oath in this par-ticular was material, or that any one was prejudiced by it.

3. The evidence does not establish any purpose on the part of the bankrupt "knowingly and fraudulently" to swear falsely as to the disposition of the brick company stock.   On the contrary, the re-verse is true, and the bankrupt, Horace Slingluff, seems, with entire frankness and somewhat remarkable accuracy, to have been able to account for the disposition of the large number of shares of stock held by him.   It would not have been a surprise if he had been unable to give the name of some of the holders of the stock, consid-ering the number of hands it passed through.

4. Upon the whole case, I think the bankrupt, Horace Slingluff, is entitled to his discharge, and it will be so ordered.