### In re SIMON & STERNBERG.

(District Court, E. D. Georgia, S. D. February 11, 1907.)

1. BANKRUPTCY—FINDINGS OF REFEREE—REVIEW BY DISTRICT COURT.

A finding of a referee in bankruptcy made on conflicting evidence, when under review by the District Court, is entitled to the same consideration as that of a district judge in admiralty when before an appellate court.

[Ed. Note.—Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

2. SAME—FRAUD—DISCHARGE.

Where bankrupts have been in business but a very short time, have accumulated nearly $30,000 of unpaid for assets, and of these $8,000 worth remaining undisclosed have paid the general creditors nothing, not only ought the homestead exemption to be refused on account of apparent fraud, but the discharge ought to be carefully examined by the court when application therefor is made.

3. SAME—CRIMINAL PROSECUTION.

In such a case the attorneys for the creditors will do nothing more than their duty, if they submit the facts to the district attorney for criminal prosecution.

In Bankruptcy. On petition of bankrupt for review of referee's decision denying homestead exemption.

Anton P. Wright, for appellant.

O'Connor, O'Byrne & Hartridge, for creditors.

SPEER, District Judge (orally). The bankruptcy law authorizes the appointment by the court of a tribunal especially qualified to dispose of such conflicts of fact as those which are here presented on review. The referee is a court, and a court of very great importance in the administration of bankrupt assets, and the determination of conflicting rights arising thereunder. This court has attempted to be very careful in the appointment of men of acumen, experience, and character to these positions, and it would be, I think, quite unjustifiable, in view of the facts which are palpably apparent on this record—conflicting as they are—for the court to disturb the finding of the referee.

The finding of the referee is entitled to the same consideration as that of a district judge upon conflicting evidence, as in an admiralty case, or in any other case where the judges pass upon the facts, if that finding is under review by an appellate tribunal. The Inca (C. C. A.) 148 Fed. 367 (opinion of Meek, District Judge sitting with Pardee and Shelby, Circuit Judges). This court is an appellate tribunal from the rulings of the referee, but when there is evidence to support those rulings—however ingenious the suggestions to the contrary—the court will not be insistent to scan those rulings so as to find some point on which there might be a difference as to their correctness. A fine argument can be based upon almost any accumulation of facts, both pro and con, but, when the court has intrusted this particular duty to the referee, and it has been apparently well performed, the ruling should not be disturbed.

This seems to be peculiarly a case where the court should not interfere with the finding of the referee. It seems to be a full-handed failure. The bankrupts must have a good deal of the values remaining

in their hands. Though in business but a short time, they have acquired a large sum—nearly $30,000—in values which were not paid for, and according to the finding of the referee about $8,000 of this is undisclosed. Not only ought the homestead, sought in this particular case by one of them, be refused, but their discharge ought to be carefully examined by the court when application therefor is made, and I am very much inclined to think that counsel for the creditors will not have done their whole duty unless he has interviewed the district attorney on the whole situation. Full-handed failures will receive no comfortable consideration in this court.