In re WHEELER.

WHEELER v. SIEGEL, COOPER & CO.

(Circuit Court of Appeals, Seventh Circuit. October 6, 1908.)

No. 1,447.

BANKRUPTCY (§ 415*)—RIGHT OF BANKRUPT TO DISCHARGE—FINDING OF REFEREE—REVIEW BY COURT.

Where the correctness of the finding of a referee that a bankrupt was entitled to a discharge depended entirely upon her credibility as a witness in correcting her testimony previously given, and her later testimony, which was given before him in person, was not contradicted nor impeached by any inherent defect, it was error for the court not to accept such finding.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 415.*]

Appeal from the District Court of the United States for the Northern Division of the Eastern District of Illinois.

Robert B. Clark, for appellant.

Augustus Binswanger, for appellee.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

GROSSCUP, Circuit Judge. The appellant, a citizen of Illinois, went to San Francisco, residing there about eighteen months, and until the time of the great earthquake April 18th, 19.. Returning to Chicago, she filed on the 28th of July, 1906, her petition asking that she be adjudged a bankrupt. Subsequently she was adjudged a bankrupt, the proceedings going to the point of her application for discharge, whereupon objections were filed on the ground that she had not been a resident of Illinois for the greater part of six months preceding the filing of the petition—the question of fact turning on whether she actually returned to Chicago May 1st, 1906, as in part of her testimony she says she did, or April 27th, preceding, as in a later and supposedly corrected portion of her testimony she says she did. The District Court refused to grant her the discharge. If, as a matter of law, the words in the Act "the greater part of six months" mean just three months, and no less, and if as a matter of fact, she returned May 1st, the order below was right; but if as a matter of fact she returned on April 27th, the order was wrong, and should be reversed.

At the hearing in which her first testimony was taken, the appellant testified that her business was destroyed by the earthquake in San Francisco; that she left a few days afterwards, stopped off for a little while in Omaha, and arrived in Chicago on the 1st day of May. It was upon the strength of this testimony, that the court below refused her the discharge. Thereupon she moved the court to be al-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

lowed to further testify, which motion having been granted, she testified that she left San Francisco on the evening of the earthquake, April 18th, 1906, arrived in Omaha the Sunday morning following, and in Chicago the Wednesday following that Sunday, which would make April 27th the day of her arrival in Chicago.

If appellant, as a witness, is to be believed—that is to say, if she be a witness honestly wishing to tell the truth—the second testimony being a correction of the first, and not being impeached by any inherent defects, would of course be taken by the court as presumptively the truth. The whole case therefore turns upon her credibility—upon whether, all things considered, the court should have believed her when she thus professedly corrects her previous testimony. Neither upon the occasion of her giving evidence the first time, nor the second time, did she appear in person before the District Court. In both instances the testimony was taken personally by the Referee, and the finding of the Referee that he believes her corrected testimony, presumptively is based, to some extent at least, upon the impression produced on his mind by the witness personally before him.

In cases of this kind, where there is nothing in the evidence pointing one way or the other, we think it our duty to accept the findings of the branch of the court before whom the witness personally appeared, and who on that account, had superior opportunity to determine her credibility. In this case that branch of the court is the Referee, who under the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3118]), is given power, in the first instance, to find the facts; and all things considered, we think it was error in the District Court not to accept that finding.

The order of the District Court refusing to grant the discharge is reversed, and the case remanded with instructions to enter an order granting the discharge.