BAKER v. BISHOP–BABCOCK–BECKER CO. et al.

(Circuit Court of Appeals, Fourth Circuit. February 2, 1915.)

No. 1303.

**1.** BANKRUPTCY ⊜415—APPLICATION FOR DISCHARGE—REFERENCE TO REFEREE OR SPECIAL MASTER—REVIEW.

On a bankrupt's application for a discharge, the findings of a referee or special master on conflicting testimony should not be disturbed, unless it appears that he has made a plain mistake, especially in cases involving the concealment of assets, where the motive and intent of the bankrupt becomes material.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 698–708, 719, 723, 724, 726, 728; Dec. Dig. ⊜415.

Appeal and review in Bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

**2.** BANKRUPTCY ⊜408—GROUNDS FOR REFUSAL OF DISCHARGE—CONCEALMENT OF PROPERTY.

Where a bankrupt's omission from his schedules of furniture which cost $50 or $60, and sold for $15, was not with any fraudulent intent, it was not ground for denying a discharge; the key to the room containing the furniture having been turned over to the trustee.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 732–736, 759, 762, 763; Dec. Dig. ⊜408.]

Appeal from the District Court of the United States for the Southern District of West Virginia, at Bluefield, in bankruptcy; Benjamin F. Keller, Judge.

In the matter of B. F. Baker, bankrupt. From an order sustaining objections by the Bishop-Babcock-Becker Company and others to the bankrupt's application for a discharge, and denying a discharge, the bankrupt appeals. Reversed.

Joseph M. Sanders and Lucius J. Holland, both of Bluefield, W. Va. (Sanders & Crockett, of Bluefield, W. Va., on the brief), for appellant.

D. E. French, of Bluefield, W. Va., and R. E. Scott, of Richmond, Va. (Russell S. Ritz and French & Easley, all of Bluefield, W. Va., on the brief), for appellees.

Before KNAPP and WOODS, Circuit Judges, and WADDILL, District Judge.

WADDILL, District Judge. This is an appeal from an order of the United States District Court for the Southern District of West Virginia, denying a discharge to the bankrupt, the appellant. The facts are briefly that in October, 1911, the bankrupt and L. A. Jaffee formed a copartnership for the purpose of conducting a news and cigar stand at the Altamont Hotel, Bluefield, and also a news, cigar, and soda fountain stand in the L. Kaufman Building, Bluefield; the latter business being known as the "Idle Hour." The copartnership continued a few months only, and in February, 1912, Baker bought out his partner's interest, and continued business in his own name until the 8th of April, 1912, when he filed a voluntary petition in bankruptcy. The case was regularly proceeded with, W. C. Pollock selected as trustee, and

on the 11th of March, 1913, the bankrupt made his application for discharge.

On the return day of the notice to show cause against the granting of the same, certain creditors, the appellees herein, noted their appearances, and filed specifications of objection to the granting of the discharge, whereupon, pursuant to the rules of practice of the district (section 1, rule 44, of Rules of Practice of the District Court), the matters arising upon said specifications were referred to H. B. Lee, Esq., referee in bankruptcy, as special master, to report upon the same. Six specifications of objection were filed, only one of which is necessary to be set out herein, namely, the first, that the bankrupt—

"within four months prior to his adjudication in bankruptcy, and while a bankrupt, he knowingly and fraudulently concealed from the trustee certain property, consisting of bedroom furniture, located immediately overhead in the second floor of the building where he conducted one of his places of business, which property the said bankrupt used for his private purposes in private apartments occupied by him, which property belonged to his estate in bankruptcy, and is worth probably the sum of $75, with intent to hinder, delay, and defraud his creditors."

The referee and special master duly made and filed his report, certifying that only the testimony of the bankrupt and that of the trustee of his estate had been adduced before him, which he caused to be taken down stenographically and returned with his report, and he found and certified to the court that there was no testimony whatever to support two of the specifications of objection, and only testimony as to the first charge herein set forth, stated in three different specifications, and another regarding a certain diamond ring set forth in another specification, and that there was not sufficient evidence to sustain the objection to the discharge as to either of the four specifications concerning which some testimony was introduced, and he recommended accordingly that the bankrupt be granted his discharge. To this action of the referee and special master, the appellees excepted, and asked that the District Court review and revise the same. The case was thereupon duly presented to the District Court, and that court on the 21st of May, 1914, entered its order in the following language:

"Ordered, that the report of the said special master be and it hereby is in respect of the first specification of objection, overruled and set aside; that the said first specification of objection of the Bishop-Babcock-Becker Company, a corporation, a creditor and party in interest herein, be and the same is hereby sustained; that the application for discharge of the said B. F. Baker, a bankrupt, be and the same hereby is denied."

From the action of the District Court this appeal was taken by the bankrupt. But two questions are presented for the consideration of this court upon the record, namely, whether or not the lower court erred in setting aside the action of the referee and special master in reference to the first specification of objection, and in holding that the evidence sustained the objection to the discharge, and in refusing the same.

[1, 2] Just what weight should be given to the finding of a referee or special master upon an application for a discharge, has been the

subject of some difference of opinion among the courts; but we think it may fairly be stated that the consensus is that where a referee and special master's action is based upon conflicting testimony, and he heard and saw the witnesses, that his findings ought to be accepted, and not disturbed, unless it appears that he has made a plain mistake; and this is particularly true in cases involving the concealment of assets, where the motive and intent of the bankrupt becomes material. In this class of cases much weight is necessarily due to the conclusions of the tribunal which had the opportunity of seeing and observing the manner and deportment of the witnesses whose acts were called in question, or of those who may have been cognizant of the transaction. In re Lafleche (D. C. Vermont) 109 Fed. 307; Ohio Valley Bank v. Mack, 163 Fed. 155, and cases cited, 89 C. C. A. 605, 24 L. R. A. (N. S.) 184; In re Wheeler, 165 Fed. 188, 91 C. C. A. 222 (C. C. A. 7th Circuit); Epstein v. Steinfeld, 210 Fed. 236, 127 C. C. A. 24 (C. C. A. 3d Circuit). In this case we have the findings of fact by the referee and special master, and have carefully and critically examined the testimony; and our conclusion is that he was correct in his finding, and that the evidence is entirely insufficient to justify a refusal of the discharge.

The objection thereto related especially to the alleged failure to list certain bedroom furniture used by the bankrupt and his clerk in a room over the store in which he did business, and while it is averred that his misconduct in this regard was fraudulent, and with intent to conceal property from his creditors, we do not think the testimony taken as a whole, or any reasonable inference that can be drawn therefrom, justifies that conclusion. On the contrary, the circumstances support a different conclusion; that is, that the small amount of household effects, that cost only some $50 or $60 and sold for $15, was not purposely and with fraudulent intent left out of the schedules. The bankrupt's explanation is that he thought it would be included in the furniture in the place of business itself, and that he gave to his trustee his key to the room in which it was, and called his attention to the same. The trustee admits receiving the key, but does not recall having had his attention called especially to the property; but it is quite evident from the entire case that what the bankrupt did was not with any fraudulent intent, and the mere omission of the articles from his schedule is not in itself sufficient to justify the denial of the discharge. In re Slingluff (D. C.) 105 Fed. 502. Moreover, the property was partly owned by the clerk of the bankrupt, who used the same, which might in part explain its omission, aside from the improbability of the bankrupt's attempting in giving his assets, scheduled at a considerable amount, to knowingly and purposely commit a fraud which would disentitle him to a discharge about so small a matter as that involved in the exception.

It follows from what has been said that the action of the lower court should be reversed, at the cost of the appellees.

Reversed.