## In re FACKLER.

(District Court, N. D. Ohio, E. D. July, 1917.)

1. BANKRUPTCY ⬅413(3)—DISCHARGE—SPECIFICATIONS OF OBJECTIONS.

Specifications of objections to discharge, which alleged that the parties filing them were creditors and persons pecuniarily interested in the estate of the bankrupt, and that they had filed and proved their claims, which had been allowed by the referee, are sufficient to show that the objecting creditors were holders of claims which would be affected by discharge, and so were entitled to object.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. BANKRUPTCY ☾446—FINDINGS BY REFEREE—FORCE.

When matters are referred to a master or referee to make findings of fact, such findings are conclusive on petition for review or exceptions, unless not supported by sufficient evidence or contrary to law, and if the findings depend upon the credibility of witnesses, or are consistent with any aspect of the evidence, they should be upheld.

3. BANKRUPTCY ☾414(3)—FINDINGS OF SPECIAL MASTER—EVIDENCE—SUFFICIENCY.

Findings of a special master, on specification of objections to discharge of a bankrupt, that the bankrupt made false statements in writing for the purpose of obtaining credit and that property was obtained on credit in consequence of such statements, *held* supported by the evidence.

4. BANKRUPTCY ☾407(5)—FALSE STATEMENTS—"OBTAINING OF PROPERTY ON CREDIT."

Within the provision of Bankruptcy Act July 1, 1898, c. 541, 30 Stat. 544, denying discharge where the bankrupt has obtained property as result of a materially false financial statement in writing, the obtaining of goods under conditional contract of sale is, despite the seller's reservation of title, an obtaining of property on credit.

5. BANKRUPTCY ☾407(5)—DISCHARGE—DENIAL.

Where a bankrupt obtains money or property in any amount not utterly trivial upon a material false statement in writing as to his financial condition, discharge must be denied.

6. BANKRUPTCY ☾407(3)—DISCHARGE—DENIAL.

A transfer made to hinder, delay, and defraud creditors more than four months prior to the filing of the petition in bankruptcy is no ground for objection to discharge.

7. BANKRUPTCY ☾407(5)—DISCHARGE—DENIAL.

Even though it might appear inequitable, a bankrupt cannot be granted a discharge, where he was not entitled to the same because he had obtained money or property on a materially false statement in writing; a bankrupt being entitled to a discharge only by virtue of the Bankruptcy Act and taking the right subject to the condition imposed.

In Bankruptcy. In the matter of the bankruptcy of Boyd Fackler. On exceptions of the bankrupt to the special master's report sustaining creditors' specifications of objections to a discharge. Exceptions to the special master's report overruled, report confirmed, and discharge denied.

Mabee, Anderson & Coble, of Shelby, Ohio, for bankrupt.

Wm. F. Black and David F. Brucker, both of Mansfield, Ohio, Long & Marriott, of Shelby, Ohio, and Barrett & Barrett, of Indianapolis, Ind., for opposing creditors.

WESTENHAVER, District Judge. The bankrupt, Boyd Fackler, was adjudicated a bankrupt November 20, 1916, on an involuntary petition. Thereafter he filed his petition for discharge, and certain creditors filed specifications of objection to the granting of the discharge. These specifications were referred to Hon. R. F. Hutchinson, special master, to hear the evidence and report the same, together with his findings of fact and conclusions of law. He found that certain specifications were sustained, and the bankrupt excepts both to his findings of fact and to his conclusions of law.

[1] The bankrupt, before any evidence was introduced before the special master, objected to the sufficiency of the specifications, which

objections were overruled, and it is urged here that this was error, and that the specifications are insufficient, in that it does not appear therefrom that the objecting creditors were the holders of claims which would be affected by the discharge of the bankrupt. This objection is not well taken. It is not denied, but on the contrary clearly appears, that all the objecting creditors have claims which would be barred by the discharge. The specifications of the Ohio Rake Company and other creditors, in stating their objections, represent themselves as being each and all creditors and persons pecuniarily interested in the estate; that each and all of them have filed proof of their claims, which have been allowed by the referee. The other set of specifications, filed by the Eastern Rock Island Plow Company, contains the same allegations and specifically alleges that its debt will be released by the discharge. In my opinion, these statements are sufficient to show that the objecting creditors are entitled to oppose the granting of the discharge.

Inasmuch as the special master's findings are against specifications 1 and 2 of the Ohio Rake Company and others, and against specifications 2, 3, and 4 of the Eastern Rock Island Plow Company and others, and in favor of the bankrupt, and these findings are not excepted to by the objecting creditors, they may be disregarded. The inquiry, then, is limited to specifications 3, 4, and 5 of the Ohio Rake Company and others, and to specification 1 of the Eastern Rock Island Plow Company and others, which the special master finds are sustained. The bankrupt excepts to these findings, as not supported by the evidence and as being contrary to law.

[2] It is settled law that, when matters are referred to a master or referee to make findings of fact, such findings are conclusive upon this court on petition for review or exceptions, unless not supported by sufficient evidence, or contrary to law. If a special master's findings of fact depend upon credibility of witnesses, conflicting testimony, or are consistent with any aspect of the evidence, they should be upheld. For authority see the following: Callaghan v. Myers, 128 U. S. 617, 666, 9 Sup. Ct. 177, 32 L. Ed. 547; Kimberly v. Arms, 129 U. S. 512, 9 Sup. Ct. 355, 32 L. Ed. 764; Davis v. Schwartz, 155 U. S. 631, 636, 15 Sup. Ct. 237, 39 L. Ed. 289; In re Simon & Sternberg (D. C. Ga.) 18 Am. Bankr. Rep. 204, 151 Fed. 507; In re Wheeler (C. C. A. 7th Cir.) 21 Am. Bankr. Rep. 262, 165 Fed. 188, 91 C. C. A. 222; Collier on Bankruptcy (10th Ed.) 333.

[3-5] Specifications 4 and 5 of the Ohio Rake Company and others, and specification 1 of the Eastern Rock Island Plow Company, are sustained by the evidence. A finding to the contrary by the special master would have been so contrary to the evidence that it could not be sustained. These specifications, and the findings of the special master sustaining the same, show that on January 12, 1916, January 28, 1916, and May 24, 1916, the bankrupt made false statements in writing to the representative of the Emerson-Brantingham Implement Company and to the Eastern Rock Island Plow Company, that these statements were made for the purpose of obtaining credit from such companies, and that from the Emerson-Brantingham Implement Company at least

property was obtained on credit in consequence of such financial statements. The falsity of the statement consists in part in omitting from the list of liabilities the greater part of the bankrupt's indebtedness.

This omission could not have been otherwise than knowingly and intentionally made, and with the purpose and object of misleading and deceiving the persons receiving the statements. The statements were knowingly and intentionally made and delivered for the purpose of obtaining credit. The fact that they were made in response to requests of the representatives of these creditors strengthens rather than repels the inference that they were made with intent to deceive. It further appears that from time to time thereafter the Emerson-Brantingham Implement Company continued to sell and deliver goods on credit to the bankrupt. These relations continued until shortly prior to the filing of the petition. It is true that the seller delivered the larger part of these goods under what is called "conditional sale contracts," but in my opinion goods thus obtained, even with a reservation of title, would fall within the meaning of this provision of the bankruptcy law. Moreover, certain goods during the same period were sold and delivered, which were not covered by conditional sale contracts, and it is settled law that the quantity or value of the money or property obtained on credit upon a materially false statement in writing is not material. The discharge must be denied, if money or property in any amount, not utterly trivial, is thus obtained.

Upon this ground, I am of opinion that the discharge must be denied. This renders unnecessary a decision of the exceptions to the special master's finding on the third specification of the Ohio Rake Company and others, and of the question whether money or property was obtained from the Eastern Rock Island Plow Company. Any and all creditors having debts which will be barred by the discharge may take advantage of the specifications of the Ohio Rake Company and others sustained by the special master and by me as above noted.

[6] I am not convinced that the special master's finding is sustained by the evidence as to the third specification of the Ohio Rake Company, or that his conclusions of law are sound. This specification relates to a transfer by deed, absolute in form, dated March 31, 1916, of certain real estate to the bankrupt's wife. This transfer was probably made to hinder, delay, and defraud creditors, but having been made more than four months prior to the filing of the petition, it is not a ground for objection to a discharge. The special master's finding and conclusion are that the bankrupt retained an interest in or control over the same, and this was property which he concealed with intent to hinder, delay, or defraud his creditors. The true nature of the transaction is best expressed in Mr. Fackler's testimony taken January 3, 1917, and particularly the answer next to the last of the direct examination. I am expressing no definite opinion, but it may well be doubted whether this is a fraudulent concealment of property. See the following: In re Ernest D. Wakefield (D. C. N. Y.) 31 Am. Bankr. Rep. 42, 207 Fed. 180; In re William F. Hennebry (D. C. Iowa) 31 Am. Bankr. Rep. 231, 207 Fed. 882.

To avoid erroneous inferences from the above, it should be added that I am not holding that the transaction between the bankrupt and

the Eastern Rock Island Plow Company was an obtaining of money or property on credit. At the time the false financial statement was given, bankrupt gave his note for past due indebtedness, payable at a future date. He obtained nothing else, either then or afterwards, on the statement made to this creditor, which statement is the one dated January 28, 1916. It may well be doubted whether obtaining an extension of time for payment of a past-due debt is obtaining money or property on credit within the meaning of the bankruptcy law. See the following: In re Tanner (D. C. Wash.) 27 Am. Bankr. Rep. 615, 192 Fed. 572; In re Joseph Dunfee (D. C. N. Y.) 30 Am. Bankr. Rep. 721, 206 Fed. 745.

[7] Argument of counsel for bankrupt on what he denominates the broad equities of the situation has been given due consideration. I need not deny that from the bankrupt's point of view it is a hardship to be adjudged an involuntary bankrupt, to be compelled to surrender all his property for the benefit of creditors, including that in excess of the homestead transferred to his wife, and to be then denied a discharge. But, whatever may be my personal views in that respect, this is no sufficient reason for disregarding the provisions of the bankruptcy law. An insolvent debtor has no means of obtaining a discharge, except under favor of the bankruptcy law, and that law expressly forbids the granting of a discharge under certain conditions, some of which are, as above shown, present in this case.

An order will be entered, overruling the exceptions to the special master's reports, confirming the same, and refusing a discharge. An exception may be noted to this ruling.