### In re S. & S. MFG. & SALES CO.

(District Court, N. D. Ohio, E. D. July, 1917.)

1. BANKRUPTCY ⬅➡43—VOLUNTARY PETITIONS—FILING.

A corporation may file a voluntary petition in bankruptcy.

2. BANKRUPTCY ⬅➡43—DIRECTORS—AUTHORITY TO FILE VOLUNTARY PETITION.

Under Gen. Code Ohio, § 8660, declaring that the corporate powers, business, and property of corporations shall be exercised, conducted, and controlled by the board of directors, or, if there is no capital stock, by the board of trustees, the board of directors of a stock corporation have authority to authorize the filing of a voluntary petition in bankruptcy.

3. BANKRUPTCY ⬅➡51—REPORT OF SPECIAL MASTER—REVIEW.

Ordinarily, a finding of fact by a special master, to whom an application for vacation of an adjudication in bankruptcy was referred, will not be disturbed by the court, when supported by the evidence, yet, where the facts are not in dispute, the question may be considered by the court, regardless of the master's report.

4. BANKRUPTCY ⬅➡43—PETITION IN BANKRUPTCY—FILING.

Three of the six directors of a stock corporation resigned. Thereafter, at a stockholders' meeting at which were present all the stockholders of the corporation, a resolution was adopted amending the by-laws and reducing the number of directors to five, and thereupon the stockholders at that meeting elected two members to fill the vacancies thus left in the board of directors. The new directors qualified and participated in the meeting of the board held immediately after election, although the by-laws provided vacancies should be filled by a majority of the board. At a subsequent meeting a resolution was adopted, authorizing the filing of a voluntary petition in bankruptcy. Two directors were absent from such meeting, but it appeared that they signed their approval later to the resolution then adopted by the board. A stockholders' meeting was held immediately after the meeting of the directors, at which all stockholders were present in person or by proxy, and a resolution was adopted, ratifying the action of the board of directors. Gen. Code Ohio, § 8665, permits the members of a board of directors to be reduced to not less than five at any time. *Held* that, even though the change in the number of directors and the election by the stockholders to fill the vacancy was irregular, the resolution of the

board of directors, having been ratified by the stockholders, was not subject to attack by one not appearing to be a stockholder of record despite the fact he received no notice.

5. CORPORATIONS ⬅︎194, 198—STOCKHOLDERS—VOTING OF PROXIES.

In view of Gen. Code Ohio, § 8673, declaring that the directors of a stock corporation shall keep a record of all stock subscribed and transferred, and its secretary shall register all subscriptions and transfers of stock, notice need be given only to stockholders of record, and the voting of proxies given by stockholders of record who have transferred their shares does not make illegal or invalid the proceedings thus taken at a stockholders' meeting.

6. APPEAL AND ERROR ⬅︎1019—REPORT OF SPECIAL MASTER—FINALITY.

A finding of fact by a special master, based on conflicting evidence and the credibility of witnesses, will not be disturbed, where supported by evidence.

7. BANKRUPTCY ⬅︎51—ADJUDICATION—VACATION.

After an adjudication is had in a bankruptcy case, it cannot be vacated, except on a ground which goes to the jurisdiction of the court to make the adjudication, and a fraud perpetrated on the bankrupt in connection therewith is not sufficient, unless it enters into the order of adjudication.

In Bankruptcy. In the matter of the bankruptcy of the S. & S. Manufacturing & Sales Company. After adjudication, Frank Meckel, alleging himself to be a stockholder of the bankrupt company, filed his application to set aside the adjudication in bankruptcy. Application denied.

Julius P. Preyer, of Cleveland, Ohio, for bankrupt.

W. J. Hamilton, of Cleveland, Ohio, for exceptor.

WESTENHAVER, District Judge. The bankrupt is a corporation organized under the laws of the state of Ohio, and was adjudicated a bankrupt about December 1, 1916. Thereafter, on December 19, 1916, one Frank Meckel, alleging himself to be a stockholder of the bankrupt company, filed his application to set aside the adjudication in bankruptcy. This application was referred to a special master, to hear the evidence and to report the same, together with his finding of facts and conclusions of law. This matter is now before me on exceptions to his report, recommending that the application to vacate the adjudication be dismissed.

The questions presented for decision are briefly these: (1) That the court was without jurisdiction to make the adjudication, because the petition in bankruptcy, being a voluntary one, was filed without proper authority on behalf of the bankrupt corporation. (2) That the voluntary petition was filed pursuant to a conspiracy between the directors of the company and one Joavens, for the purpose of wrecking the corporation.

[1-3] A corporation may file a voluntary petition in bankruptcy. Collier on Bankruptcy (10th Ed.) 123. The board of directors of an Ohio corporation undoubtedly has authority to authorize the filing of such a petition. G. C. § 8660. The special master has found as a fact that the board of directors did authorize the petition to be filed, and that their action was approved before it was done, by a unanimous vote

⬅︎For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

of the stockholders. Ordinarily, and according to settled law, this finding, if supported by the evidence, will not be disturbed; but, inasmuch as the facts on which this finding is based are not in dispute, I shall consider this question, regardless of the special master's report.

[4, 5] The bankrupt corporation, prior to March, 1916, had a board of directors consisting of six members. Vacancies in this board, it was provided by the by-laws, should be filled by a majority of the board. In March, 1916, three of these six directors resigned. Thereafter, at a stockholders' meeting at which were present all the stockholders of the corporation, a resolution was adopted, amending the by-laws and reducing the number of the board of directors to five; and thereupon the stockholders at this meeting elected two members to fill the vacancies thus left in the board. These directors qualified and participated in a meeting of the board held immediately after they were elected. No further meetings of the board of directors appear to have been held until November 29, 1916. At this meeting a resolution was adopted authorizing the filing of this petition in bankruptcy. A stockholders' meeting was held immediately thereafter, at which were present in person or by proxy all of the stockholders who waived other notice, and adopted a resolution ratifying this action of its board of directors. The petition was filed pursuant to this authority.

Frank Meckel was not a stockholder of record. He contends that he bought in August, 1916, 35 shares, less than one-tenth of the entire capitalization. The special master (7) finds that there is no testimony that he was a stockholder at the date of bankruptcy, and that under the Ohio law, the certificate not being produced, there is still uncertainty as to his ownership. In any event, he neglected to have these shares transferred upon the records of the corporation into his name, and it does not appear that any other action was taken by him to bring to the notice of the corporation his ownership thereof, or to prevent the persons in whose names the stock stood, from voting the same.

Upon this state of facts the filing of this voluntary petition in bankruptcy should be held to be the duly authorized act of the corporation. All irregularity complained of respecting the alleged unauthorized reduction in the number of the board of directors, the filling of the two vacancies thus left by the stockholders, instead of by the board of directors, and the absence of two directors from the November meeting, who, it is said, signed their approval later to the resolution then adopted by the board, becomes immaterial, even if well founded, in view of the unanimous action of the stockholders authorizing the voluntary petition to be filed. Undoubtedly, under the Ohio law, notice need be given only to the stockholders of record, and the voting of proxies given by stockholders of record who have transferred their shares does not make illegal or invalid the proceedings thus taken at a stockholders' meeting. G. C. § 8673—3; Railway Co. v. Bank, 68 Ohio St. 582, syllabus 3, 67 N. E. 1075.

This conclusion dispenses with an examination of whether or not the members of the board of directors were legal or de facto directors on November 29, 1916, when this action was taken. In my opinion they were legal members. Section 8665, G. C. (second sentence), permits

the number of members of a board of directors to be reduced to not less than five at any time. The number may be increased only as provided in the first and third sentences of this section. All that is required to reduce the number to five is notice, or waiver, of the meeting and action by the stockholders, and if all of the stockholders are present and unite in action increasing or reducing the number of members, no one can complain of any irregularity, except, perhaps, a director not assenting, and refusing to resign. There was none such here. Even if irregularities existed creating a cloud on the title of two members of the board to the office held by them, the action authorizing the filing of the petition would be held justified by the following authorities: Dodge v. Kenwood Ice Co. (C. C. A. 8th Cir.) 29 Am. Bankr. Rep. 586, 204 Fed. 577, 123 C. C. A. 103; In re Hargadine-McKittrick Co. (D. C. Mo.) 39 Am. Bankr. Rep. 142, 239 Fed. 155; In re United Grocery Co. (D. C. Fla.) 39 Am. Bankr. Rep. 501, 239 Fed. 1016.

[6] The finding of the special master relating to the conspiracy or wrongdoing of the board of directors, and the solvency of the corporation will not be disturbed. His conclusion depends upon conflicting testimony and the credibility of witnesses, and is supported by evidence. It is settled law that under these conditions the special master's findings must be treated as unassailable. See the following: Callaghan v. Myers, 128 U. S. 617, 666, 9 Sup. Ct. 177, 32 L. Ed. 547; Kimberly v. Arms, 129 U. S. 512, 9 Sup. Ct. 355, 32 L. Ed. 764; Davis v. Schwartz, 155 U. S. 631, 636, 15 Sup. Ct. 237, 39 L. Ed. 289; In re Simon & Sternberg (D. C. Ga.) 151 Fed. 507, 18 Am. Bankr. Rep. 204; In re Wheeler (C. C. A. 7th Cir.) 165 Fed. 188, 91 C. C. A. 222, 21 Am. Bankr. Rep. 262; Collier on Bankruptcy (10th Ed.) 333. The holding of these cases is correctly summed up by Spear, District Judge, in Simon & Sternberg, supra, as follows:

"The finding of the referee is entitled to the same consideration as that of a district judge upon conflicting evidence, as in an admiralty case, or in any other case where the judges pass upon the facts, if that finding is under review by an appellate tribunal. The Inca (C. C. A.) 148 Fed. 367 [78 C. C. A. 273], opinion of Meek, District Judge, sitting with Pardee and Shelby, Circuit Judges. This court is an appellate tribunal from the rulings of the referee, but when there is evidence to support those rulings—however ingenious the suggestions to the contrary—the court will not be insistent to scan those rulings so as to find some point on which there might be a difference as to their correctness. A fine argument can be based upon almost any accumulations of facts, both pro and con, but, when the court has intrusted this particular duty to the referee, and it has been apparently well performed, the ruling should not be disturbed."

[7] Motions to vacate an adjudication were denied, on even stronger allegations of fact than are set up in the application now before me, in the following cases: In re Hargadine-McKittrick Co. (D. C. Mo.) 239 Fed. 155, 39 Am. Bankr. Rep. 142; In re United Grocery Co. (D. C. Fla.) 239 Fed. 1016, 39 Am. Bankr. Rep. 501. In the case first cited it was held:

"Stockholders of a corporation which has filed a voluntary petition in bankruptcy will not be allowed to intervene to resist the petition, for the bankruptcy law does not permit a defense in limine to a voluntary petition in bankruptcy. The proceedings upon such a petition are properly ex parte,

and no answer can be permitted. Where the directors of a corporation have the authority to put the corporation in bankruptcy and do authorize the filing of a voluntary petition, the corporation is entitled to have an adjudication of bankruptcy entered upon its voluntary petition regardless of the desire of the stockholders. * * * If a petition in voluntary bankruptcy proceedings presents facts authorizing the adjudication of the petitioner a bankrupt, the court has no discretion to refuse the adjudication, because of any views entertained by the court as to the petitioner's motives or purposes in filing the petition."

In the second case cited it was held:

"Creditors who adopt the petition of stockholders of a bankrupt corporation to have a voluntary adjudication vacated and dismissed have no right to contest the voluntary adjudication. * * * A petition by stockholders of a corporation to have a voluntary adjudication authorized by the directors vacated and set aside alleging that the adjudication was fraudulently authorized by the directors in order to escape liability in a suit pending against them by the stockholders should be dismissed where there had been no appointment of a receiver in the state court proceeding, since the creditors are interested in the collection of their debts and not in the question sought to be litigated between the stockholders and the directors, and since under section 4 of the Bankruptcy Act the adjudication of the corporation does not release its officers or directors from any liability under the state laws."

The special master, as one conclusion of law, finds that a stockholder has no authority to move to set aside an adjudication made on a voluntary petition. I am expressing no final opinion on this proposition. I am, however, inclined to the view that after an adjudication is had in a bankruptcy case, it cannot be vacated, except on a ground which goes to the jurisdiction of the court to make the adjudication, and that fraud even perpetrated on the bankrupt in connection therewith, is not sufficient, unless it enters into the order of adjudication.

An order will be entered, overruling all exceptions to the special master's report, confirming the same, and dismissing the application of Frank Meckel, at his costs.