## HOUCHIN SALES CO. v. ANGERT.

## ANGERT v. HOUCHIN SALES CO.

(Circuit Court of Appeals. Eighth Circuit. February 10, 1926.)

Nos. 6913, 6914.

**1. Bankruptcy ⊂⇒467.**

Findings of fact by a special master on conflicting evidence, where approved by trial court, will not be disturbed, unless manifestly erroneous.

**2. Evidence ⊂⇒20(1)—Court may take judicial notice of general purpose and business of well-established mercantile agencies, and the convenience and importance of their ratings to those engaged in business.**

A court may take judicial notice of the general purpose and business of well-established mercantile agencies, and the convenience and importance of their ratings in the commercial world to those engaged in business and extending credit to customers.

**3. Bankruptcy ⊂⇒58.**

Intent to prefer is an essential element of preference as act of bankruptcy, under Bankruptcy Act, § 3 (Comp. St. § 9587).

**4. Evidence ⊂⇒64.**

Persons are presumed to intend the natural consequences of their acts.

**5. Bankruptcy ⊂⇒91(1') — Where substantial part of debtor's property is conveyed to creditor, presumption of intent to prefer constituting act of bankruptcy, arises; but no presumption arises from small, trivial payments, even if debtor be insolvent.**

Where substantial part of debtor's property is conveyed to creditor, there is strong presumption of intent to prefer such creditor, constituting act of bankruptcy; but no such presumption arises from every small, trivial payment, even if the debtor be insolvent.

**6. Bankruptcy ⊂⇒58.**

Payment of money must be substantial, and not trivial, to justify a proceeding in bankruptcy on the ground of preferred payment to creditors.

**7. Bankruptcy ⊂⇒58.**

Debtor's payment of $50 to credit rating bureau for service within four months prior to filing of petition was too trivial to show preference, constituting an act of bankruptcy.

**8. Appeal and error ⊂⇒151(5).**

Party may appeal from favorable judgment, when error was prejudicial to him, or he has not received what he is entitled to.

**9. Appeal and error ⊂⇒151(5).**

Generally a party cannot appeal from a judgment or decree wholly in his favor.

**10. Bankruptcy ⊂⇒457.**

Where petition of involuntary bankruptcy by creditor against debtor was dismissed, debtor could not appeal therefrom, not being aggrieved thereby.

Appeal from the District Court of the United States for the Eastern District of Missouri; Charles B. Faris, Judge.

Two separate petitions in involuntary bankruptcy, brought by the Ferguson-McKinney Company against the Houchin Sales Company. From a judgment and decree on recommendation of special master, dismissing petition in first action, the Houchin Sales Company appeals; and from a judgment and decree dismissing the petition in second case, the Ferguson-McKinney Company appeals. On appeal, Eugene H. Angert, Jr., receiver, was substituted as party for the Ferguson-McKinney Company, then bankrupt. Appeal of Houchin Sales Company in first case dismissed, and judgment and decree in second case affirmed.

H. A. Loevy, of St. Louis, Mo., for Houchin Sales Co.

M. G. Levinson, of St. Louis, Mo. (H. A. Gleick and Levinson & Levinson, all of St. Louis, Mo., on the brief), for Angert.

Before KENYON and VAN VALKEN-BURGH, Circuit Judges, and YOUMANS, District Judge.

KENYON, Circuit Judge. As both of these cases arise out of the same facts, we consider them together. The Ferguson-McKinney Company is now in the hands of a receiver, and the receiver has been substituted as a party here. For convenience we shall refer to the parties as the Houchin Sales Company and the Ferguson-McKinney Company; the Houchin Sales Company being appellant in No. 6913 and appellee in No. 6914, while the receiver for the Ferguson-McKinney Company is appellee in No. 6913 and appellant in No. 6914. We first consider No. 6914 as our conclusion therein is practically determinative of No. 6913. The genesis of both cases is as follows:

The Houchin Sales Company is a corporation organized under the laws of the state of Missouri, having its principal place of business in the city of St. Louis. The Ferguson-McKinney Manufacturing Company, a corporation, was engaged in manufacturing and selling merchandise. Its exact relationship to the Houchin Sales Company was a matter of controversy in the case—the Houchin Sales Company claiming it was merely an agent of the Ferguson-McKinney Company; the latter claiming that it made sales to the Houchin Sales Company, the same as to any other merchant, and that the relation was that of vendor and vendee. In any event, the Ferguson-McKinney Compa-

ny filed on December 29, 1922, its amended petition in the Eastern Division of the Eastern Judicial District of Missouri, in which it sought to have the Houchin Sales Company adjudged a bankrupt, claiming that it was indebted to petitioner for goods, wares, and merchandise in the sum of $14,226.52 on open account, and that while insolvent, and within four months preceding the date of the filing of the petition, it had committed an act of bankruptcy, in that it transferred a portion of its property to one of its creditors, with intent to prefer such creditor over its other creditors, the act consisting of paying to R. G. Dun & Co. the sum of $50 upon an account of $100. Another allegation as to preferred payment was made in the petition, which was not pressed at the time of the trial.

The Houchin Sales Company denied that petitioner was a creditor having a provable claim against it in any sum; denied that it was insolvent, or that it had committed any act of bankruptcy in making payment to R. G. Dun & Co. of $50; claimed that during the four months before the filing of the original petition of the Ferguson-McKinney Company it had paid said company approximately $32,000, and that it had dealt with it entirely as a wholesale jobber, and had no other debts, except for current office and business expenses and salaries, and pleads in its answer that it had preferred the Ferguson-McKinney Company in making payments to it, and had not preferred R. G. Dun & Co.

The trial court referred the matter to a special master, who took the evidence and reported his findings and conclusions to the District Court. The evidence before the master shows that the petitioning creditor was carrying on a manufacturing and jobbing business, and that Houchin Sales Company was one of its purchasing debtors, and owed it about $14,000 at or about the time the petition in bankruptcy was filed, and also had a few minor running accounts; that the Houchin Sales Company had assets at that time of about $6,000 in accounts and $4,-000 cash in the bank; that it had, during the four months immediately before the petition was filed, paid the Ferguson-McKinney Company over $36,000; that it had paid no other creditors until December 9, 1922, when it paid R. G. Dun & Co. $50 on the $100 which it owed said company for its credit rating book for 1922.

The evidence also shows that Houchin Sales Company was carrying on its business in the usual way, securing orders and sending them to the Ferguson-McKinney Company, which orders were either rejected or approved and filled by said company up to very near the time of the filing of the petition in bankruptcy. The action of the Ferguson-McKinney Company on December 10th in notifying it that it refused to fill further sales orders crippled and injured its business, and after the involuntary petition in bankruptcy was filed, which was four days after notice to the Houchin Sales Company by the Ferguson-McKinney Company that it would not fill further orders, it was unable to secure any new business, but was in condition to wind up the old business. The filing of the petition in bankruptcy ended its business career.

The balance sheet of Houchin Sales Company of October 1, 1922, shows that it had on that date total assets of $28,792.69, and total liabilities, excluding liability of capital stock, of $23,381.96. Of these liabilities, that to the petitioner was $22,293.87. The balance sheet of November 29, 1922, shows it had total assets of $13,522.26, and total liabilities, excluding liability for capital stock, of $17,646.57. Its financial situation was extremely precarious.

The special master, under the evidence, which was sharply conflicting on the question, found that the relationship between the petitioning creditor, Ferguson-McKinney Company, and the Houchin Sales Company, was that of vendor and vendee, and not principal and agent. He also found that petitioner had not received a voidable preference, such as would preclude it from prosecuting its petition to have Houchin Sales Company adjudged a bankrupt; that the payments made to petitioner were not shown by the evidence to have been made at a time when the Houchin Sales Company was insolvent, or that petitioner had reasonable cause to believe that the payments would result in enabling it to obtain a greater percentage of its debt than other creditors of the Houchin Sales Company of the same class. The special master also found as follows:

"The special master accordingly finds that the respondent, on December 9, 1922, while insolvent, made a payment of $50 to R. G. Dun & Co. upon an antecedent indebtedness, but that such payment was not made by respondent with intent to prefer R. G. Dun & Co. over its other creditors, and further finds that, in making such payment, respondent did not commit an act of bankruptcy."

The trial court overruled the exceptions of both petitioning creditor and alleged

bankrupt to the report of the special master, and entered judgment dismissing the petition of the Ferguson-McKinney Manufacturing Company at its costs.

[1] There are questions of fact involved in the findings of the special master, as well as some conclusions of law. Such findings of fact, where the evidence is conflicting, and where the trial court approves the same, are entitled to great respect in an appellate court and carry much weight. Unless manifestly erroneous, they will not be disturbed. Coder v. Arts, In re Coder, In re Arts, Arts v. Coder, 152 F. 943, 82 C. C. A. 91, 15 L. R. A. (N. S.) 372; Baker v. Bishop-Babcock-Becker Co. et al., 220 F. 657, 136 C. C. A. 265; Arenz v. Astoria Sav. Bank (C. C. A.) 281 F. 530; United States v. Apple et al. (C. C. A.) 292 F. 935; In re Empie, Swender v. Empie (C. C. A.) 296 F. 672; In re Foley, Withers Bros. v. Foley (C. C. A.) 6 F.(2d) 126; Road Improvement Dist. No. 2 of Conway County et al. v. Missouri Pac. R. Co. (C. C. A.) 275 F. 600. The master found that the payment of $50 to R. G. Dun & Co. was too trivial to raise a presumption that there was any intention to create a preference, particularly as the payment was to meet a service charge to enable the debtor to continue in business.

It is claimed strenuously by appellant that at the time of this payment of $50 the alleged bankrupt was practically out of business, and therefore it was not the payment of any service charge necessary to carry on the business. Undoubtedly it was in serious financial straits, and was not soliciting new business, but had not closed its doors or abandoned hope of continuing.

[2] A court may well take judicial notice of the general purpose and business of well-established mercantile agencies, such as R. G. Dun & Co., and the convenience and importance of their ratings in the commercial world to those engaged in business and extending credit to customers. 23 C. J. p. 74, § 1843; H. Holmes et al., Respondents v. H. F. Harrington et al., Appellants, 20 Mo. App. 661; Ernst v. Cohn (Tenn. Ch. App.) 62 S. W. 186. Houchin Sales Company had contracted early in 1922 with R. G. Dun & Co. for the year's service, but had paid them nothing until December 9th. The good faith of the transaction is in no way questioned. We believe the payment of the $50 on the R. G. Dun & Co. bill of $100 for the credit rating book for the year 1922 was a proper service charge in carrying on the business. This question is, however, of minor importance under this record.

[3-5] The Bankruptcy Act (Comp. St. § 9587) designates among acts of bankruptcy the transfer while insolvent of any portion of the debtor's property to one or more of his creditors with intent to prefer such creditors over his other creditors. Mere preference is not sufficient. The intent to prefer is an essential of the act of bankruptcy, and such intent is a question of fact to be proven. Persons are presumed to intend the natural consequences of their acts, and if a substantial part of a debtor's property is conveyed to a creditor there is a strong presumption of an intention to prefer and bestow upon him a preference; but every small, trivial payment, even if the debtor be insolvent, is not sufficient to raise a presumption of intention to prefer such creditor payee. The nature of the business transacted and the facts and circumstances of each particular case are important to be considered in determining such question.

[6, 7] Considering the general course of business between these parties, the large amount of money, amounting to approximately $36,000, paid by the Houchin Sales Company to Ferguson-McKinney Company within four months prior to the date of filing the petition in involuntary bankruptcy, the fact that at the date of such filing Houchin Sales Company had $4,000 cash in the bank and $6,000 in accounts, and had many thousands of dollars of orders in the hands of Ferguson-McKinney Company, the payment of $50 to R. G. Dun & Co. was entirely too trivial to raise any presumption of intent to prefer such creditor over other creditors, and entirely too small to justify a finding that the same constituted an act of bankruptcy. Had this $50 been applied to the $14,000 owing to Ferguson-McKinney Company, it would have been about one-third of 1 per cent. of such indebtedness. Certainly this trivial payment did not substantially or materially reduce the assets of Houchin Sales Company. The maxim, "De minimis non curat lex," is applicable to the situation. Text-books and decisions unite in asserting the doctrine that, while the payment of money is a transfer of property under the Bankruptcy Act, it must be substantial, and not trivial, to justify a proceeding in bankruptcy on the ground of preferred payment to creditors.

Loveland on Bankruptcy, pp. 316, 317, says: "It has been held that every trivial payment is not necessarily a preference. It must be a substantial transaction to justify the institution of a proceeding in bankruptcy. It is impossible to draw a line, to say

what amount is sufficient to make a preference. This depends upon the character of the payments and the intention of the debtor, and must be determined upon the facts of each particular case."

Black on Bankruptcy (3d Ed.) p. 200, § 84: "Next, it is necessary that the property or money transferred should amount to something substantial, and not be such a mere trifle as to be beneath the consideration of the law. Thus, it is held that the payment of a debt of $3 by a firm engaged in trade is not such a substantial preference as will constitute an act of bankruptcy sufficient in itself to sustain an involuntary petition."

Collier on Bankruptcy (13th Ed.) vol. 1, p. 139: "There can be no question but that a payment of money by an insolvent is a transfer of property within the meaning of this subsection, although insubstantial payments of small amounts may be made under circumstances which would not constitute them preferential so as to make them acts of bankruptcy."

In re Stovall Grocery Co. (D. C.) 161 F. 882, holds that payment of $3 to a creditor a week before the bankruptcy proceeding was instituted could not be considered a preference; that it was not such substantial transaction as would justify the institution of proceedings in bankruptcy.

In the case of In re Hallin (D. C.) 199 F. 806, it was held that the payment of a bonus of extra interest demanded by the lender for making the loan did not constitute an act of bankruptcy; the court saying: "It was a just debt, small in proportion to the entire amount of his debts, and the preference given was almost trifling."

In many of the cases dealing with this subject the terms, "substantial sum," "rather trifling in amount," "large part of property," are used. Without incumbering this opinion with quotations from these cases, we refer to Rex Buggy Co. et al. v. Hearick et al., 132 F. 310, 65 C. C. A. 676; Toof et al. v. Martin, 13 Wall. 40, 20 L. Ed. 481; In re Rome Paning Mill (D. C.) 96 F. 812; In re Gilbert et al. (D. C.) 112 F. 951; Goodlander-Robertson Lumber Co. et al. v. Atwood, 152 F. 978, 82 C. C. A. 109; Macon Grocery Co. et al. v. Beach (D. C.) 156 F. 1009; In re Columbia Real Estate Co. (D. C.) 205 F. 980; In re Kerlin, 209 F. 42, 126 C. C. A. 184; In, re E. T. Russell Co., Inc. (D. C.) 291 F. 809.

The conclusion of the master and the trial court that the payment of $50 to R. G. Dun & Co., under all the circumstances disclosed by this record, was so trivial as to raise no presumption of intention to prefer R. G. Dun & Co. to other creditors, and that the making of such payment did not constitute an act of bankruptcy, was not erroneous.

As to case No. 6913, the situation presented is peculiar and rather inconsistent on the part of appellant—it asking that the judgment entered by the trial court be reversed because of alleged error in approving the findings of the master on two points, viz. (a) that the relationship of creditor and debtor existed between Ferguson-McKinney Manufacturing Company and the Houchin Sales Company; and (b) that the payments by the Houchin Sales Company to the Ferguson-McKinney Manufacturing Company complained of did not constitute preferences. In its brief in No. 6914 the Houchin Sales Company closes with the request that the court affirm the judgment. We are at a loss to understand just what benefit might accrue to the Houchin Sales Company if the judgment were reversed upon its appeal. We are entirely satisfied that the findings of the master, approved by the trial court, on the two questions suggested, were correct. That conclusion would dispose of the appeal, if it were before us on its merits.

A motion to dismiss the appeal in No. 6913 has been made by appellee on the grounds that it was not taken in time; that it is not based upon any proposition of law which, if sustained by this court, would set aside the order of the District Court dismissing the involuntary petition; and that the bankrupt has not been aggrieved or injured by the judgment of the District Court in entering an order dismissing the involuntary petition there filed. Whether under section 25 of the Bankruptcy Act (Comp. St. § 9609) the appeal is taken in time is a matter of serious doubt. It is unnecessary to determine it, as the motion to dismiss should be sustained on other grounds. Appellant, Houchin Sales Company, secured a judgment in its favor in the trial court. That the court may have based its judgment on reasons other than appellant thought it should, or not based it on all the reasons urged, avails appellant nothing. The judgment and decree is wholly in appellant's favor, and it secures the same relief as if the case were reversed on either of the two points urged by it, and the trial court went through the futile process of again dismissing the petitioning creditor's bill. The trial court could do no more for appellant upon a reversal than it has already done.

[8, 9] That a party may appeal from a judgment in his favor when there has been some error prejudicial to him, or he has not re-

ceived all he is entitled to, has quite generally been held by the courts, and there is no sound reason otherwise. The judgment may be for a less amount than appellant was entitled to, or there may be grave irregularities or errors which have prevented appellant from receiving the full relief to which he was entitled. While these and other exceptions exist, the general rule is that a party cannot appeal from a judgment or decree wholly in his favor. 2 R. C. L. p. 56, § 36; In re Carpenter (Sanborn v. Carpenter) 123 N. W. 144, 140 Wis. 572, 25 L. R. A. (N. S.) 155; Williams v. Breitung, 74 N. E. 1060, 216 Ill. 299, 3 Ann. Cas. 506; Cyc. of Law and Procedure, vol. 2, p. 631 and cases cited; Whiting v. United States Bank, 13 Pet. 5, 10 L. Ed. 33. [10] This case is not within any of the exceptions to this general rule. The judgment resulted in giving to appellant all it could claim, viz. dismissal of the creditor's petition. Certainly appellant is not aggrieved or prejudiced or its rights adversely affected, by such judgment. The motion to dismiss the appeal in No. 6913 is sustained on the grounds herein stated, and the judgment and decree in No. 6914 is affirmed; costs in No. 6913 to be taxed to appellant, Houchin Sales Company.