## In re BRUNING.
### No. 7313.

Circuit Court of Appeals, Ninth Circuit.
Feb. 6, 1934.

Harold Fisher and J. Harvey Hearn, both of Los Angeles, Cal., for appellant.

Pelton, Warne & Balter and Clore Warne, all of Los Angeles, Cal., for appellee.

Before WILBUR, SAWTELLE, and GARRECHT, Circuit Judges.

PER CURIAM.

Petitioner applied for leave to appeal from an order of the District Court for the Southern District of California made and entered on September 29, 1933, which was granted. The time for filing the record in this court has been extended and is about to expire. Petitioner now files a petition for leave to proceed in forma pauperis and for an extension of the period to file the record on appeal. This application is opposed by the trustee in bankruptcy.

It appears that on September 25, 1933, the District Court confirmed a turnover order thereto fore made by the referee with the exception of a deduction of $650 from the amount fixed by the referee of $8,507.93. The balance ordered turned over would amount to $7,857.93. In certifying the proceedings upon petition for review of the turnover order, the referee directed the bankrupt to show cause why he should not be punished for contempt for failure to pay to the trustee the sum of $14,558.97, which is the amount the trustee found to have been in possession of the bankrupt at the time of the institution of bankruptcy proceedings and to have been concealed and secreted by him; the amount of $8,507.93 being the amount found to have been unexpended by the bankrupt. The District Court, on the review, decreased this balance by $650. The order of September 25, 1933, directed that the matter of contempt be submitted for decision upon briefs and that the bankrupt appear on September 29, 1933, at 10 a. m. On that date the order appealed from was entered. It will be observed that the order of September 25, 1933, was a turnover order, and that no appeal is taken from that order. The order of September 29, 1933, purported to be on a hearing on the question of contempt of the order of the referee of August 28, 1933, which directed payment of $8,507.93. The order of September 29th, after stating that the bankrupt had failed to show cause why he should not be punished for contempt in failing to comply with the turnover order of September 25, 1933, made in his presence, directed that he be punished for failure to obey the said order by imprisonment in the county jail until he complied with the order. It was further directed that the execution of the commitment be stayed for fifteen days to afford the bankrupt an opportunity to comply with the order, and that, in case of a review or appeal of the order, a further stay of execution be granted on condition that the appeal be taken in fifteen days, and it was further ordered that, if the bankrupt should fail to comply with the order in fifteen days from the 29th of September, 1933, "he may, within said period, upon notice to the trustee in bankruptcy, or his counsel, appear before the court and show cause why he should not be imprisoned in pursuance of this order." The order was made in the presence and hearing of the bankrupt.

It will be observed that, while the order appealed from directs the imprisonment of the bankrupt for contempt, that imprisonment is contingent upon his inability to show

cause why he should not be imprisoned, so that the order in legal effect is little more than an order to show cause. See In re Rosen's Estate (C. C. A.) 263 F. 704. The order merely places upon the bankrupt the duty of giving notice of the time of hearing within fifteen days after September 29, 1933.

■■ There is no showing by the bankrupt in his application for leave to proceed in forma pauperis which would justify the court in granting the order in the exercise of its discretion. It appears from the papers before us on this motion that the petitioner has been ordered to turn over to the trustee $7,857.93; that this order has not been appealed from and has become final; that the petitioner has not conformed to the order nor made any effort so to do nor to show cause to the trial court why he could not conform to the order. The only showing made in the record on that subject is the allegation of the petitioner that he is wholly without funds. This affidavit is made to support the application for leave to sue in forma pauperis. In so far as the poverty of appellant is an excuse for nonperformance of the order of the court, that excuse should be presented to the trial court in the first instance.

■ The motion for leave to proceed in forma pauperis will be denied for want of merit in the appeal. Johnson v. Nickoloff (C. C. A.) 52 F.(2d) 1074; Kinney v. Plymouth Rock Squab Co., 236 U. S. 43, 35 S. Ct. 236, 59 L. Ed. 457. For the same reason, extension of time for filing the record will be denied.

Appeal dismissed.